### MORRISON et UX VS. WRIGHT.

1. Process in the hands of the sheriff becomes inoperative by a supersedeas, and all subsequent proceedings under such process are void. An act, therefore, done by virtue of such superseded process after *notice* of the supersedeas, will constitute the sheriff a trespasser. *Aliter*, where he does not receive notice.

2. And such notice must be actual, not constructive—therefore, placing the supersedeas in the hands of a deputy, will not be such notice to the sheriff, as the law requires.

3. But although the sheriff may justify for an act done by virtue of process in his hands, notwithstanding the same has been, without the knowledge of the sheriff, superseded, yet no third person, accompanying the sheriff, can be protected,—such third person, being a volunteer, acts at his peril.

4. It is the duty of the court below, on motion, to reject evidence offered, which is not material to the issue. But if the court be asked to reject evidence for a cause to which the evidence is not obnoxious, the court may conclude that all other objections to it are waived; and—

5. It is not the duty of the court to shape or re-model the propositions of counsel, but to respond to them as they are made, and either accept or reject them.

This was an action of trespass, assault and battery, —commenced in the Circuit court of Benton county, by Morrison and wife, against Wright. The defendant pleaded "the general issue, with permission to give special matter in evidence;" and upon the issue thus raised, a verdict was rendered for the defendant.

Morrison et ux. *vs.* Wright.

The bill of exceptions stated, that on the trial of the cause, the evidence shewed that the trespass complained of, occurred on premises where the plaintiffs had formerly resided:—that defendant had instituted proceedings of unlawful detainer against plaintiffs, and had previously obtained a verdict and judgment in the cause. It appeared in evidence, that after the expiration of twenty days from the rendition of judgment in the unlawful detainer, and before the service of any supersedeas on the justice, he issued a writ of possession, which was executed by the sheriff on the same day, by putting out Morrison's family and goods—Morrison himself being away, and putting Wright into possession. This took place some time between mid-day and sun-down. It appeared that after this had taken place, some of the goods had been again brought within the inclosure and put into the crib—That after night, when Wright returned to the place, he commenced removing the goods out of the crib, when the alleged trespass was committed; which the evidence shewed had taken place by the wife of Morrison throwing a board at Wright, which he threw back and struck her. On the day the writ of possession was placed in the hands of the sheriff, and was executed, writs of certiorari and supersedeas issued from the Circuit court, and were placed in the hands of the deputy sheriff, but at what time of the day precisely did not appear, further than that it was in the fore part of the day. It appeared that Wright had come to Jacksonville, the place of holding court, early in the morning, with the writ of possession, and the sheriff making some objection to going immediately, on account of business,

Morrison et ux. *vs.* Wright.

Wright offered him five dollars to go and execute the writ that day, which money was afterwards paid. The sheriff left Jacksonville during the day, with the writ of possession. The deputy sheriff testified, that from a conversation which afterwards took place between him and the sheriff, he was induced to believe that he knew the supersedeas had issued before he left Jacksonville.

On this proof, plaintiffs asked the court to charge the jury, that if they believed the process of *certiorari* and supersedeas were in the hands of the deputy sheriff, it was in contemplation of law, in the hands of the principal sheriff, and that in serving the process superseded, he was a trespasser,—which instruction the court refused.

Plaintiffs further asked the court to charge, that if the jury believed from the evidence, that the principal sheriff, and defendant Wright, knew that the *certiorari* and supersedeas had issued, that then they were acting under insufficient authority in executing the writ of possession, and were trespassers. This the court declined, but charged the jury, that if the sheriff knew that process was out, superseding the writ he was then executing, he was a trespasser; but that if defendant, Wright, did not know that a supersedeas had issued, he would not be a trespasser.

The plaintiffs offered evidence as to certain declarations of the defendant, with a view of shewing that he was cognizant of the *certiorari* and supersedeas having issued. The witness, on his cross-examination, proved that defendant had sent word to plaintiffs that he would give five hundred dollars for possession. Plaintiffs objected to this part of the evidence, as tending to shew

an offer towards a compromise —but the court overruled the objection, and the evidence went to the jury.

The plaintiffs in error assigned as follows:

1. The court below erred, in refusing to give the instructions asked for in the bill of exceptions;

2. The court below erred, in permitting the evidence to go to the jury, which was objected to, as specified and set forth in the bill of exceptions.

*W. K. Baylor,* for plaintiff in error.

ORMOND, J.—The first charge moved for by the plaintiffs in error, presents the question, whether the sheriff can be held a trespasser for executing process which has come to his hands from a court having jurisdiction of the subject matter,—the process, without his knowledge, having been superseded by the fiat of a judge.

The sheriff is bound, by law, to execute all process directed to him by a competent tribunal, and by necessary consequence, may justify under it. It would be a strange anomaly, if the law should exact from him implicit obedience to its mandates, and withhold from him the mantle of its protection, when in the discharge of his duty. It is true, that the process in his hands became inoperative the moment it was superseded by the performance of the conditions imposed by the fiat of the judge, and all proceedings under it, afterwards, were void. But it by no means follows, that the sheriff was a trespasser; any act of his, under, or by virtue of the process, after *notice* of the supersedeas, would constitute him a trespasser; but the notice, to have this effect, must

Morrison et ux. *vs.* Wright.

be actual, not constructive notice,—and the placing in the hands of his deputy, the writ, superseding the former process, will not, of itself, be such notice as the law requires.

The authorities referred to by the counsel for the plaintiffs in error, show, very conclusively, that the sheriff is bound *civiliter*, for the acts of his deputy, acting under, or by color of legal process; but this does not tend to establish the proposition, that notice to the deputy would, constructively, convert an act done by his principal, by virtue of the mandate of a writ, into a trespass.

This justification, afforded to the sheriff from necessity, and in consequence of the duty cast on him by law, will not avail the defendant, Wright,—who can be considered in no other light than that of a mere volunteer, and who acted at his peril. The charge of the court, therefore, "that if defendant Wright did *not know* that the supersedeas had been issued, he would not be a trespasser"—cannot be sustained.

The record states, that the plaintiffs offered in evidence certain declarations of the defendant, with the view of fixing on the defendant a knowledge that the supersedeas had issued; and on the cross-examination, the defendant's counsel asked the witness to detail a part of the same conversation, to prove an offer by the defendant to the plaintiffs of a sum of money, to yield the possession to him, of the premises in controversy. This was objected to by the counsel for the plaintiffs, on the ground, that it was a proposition tending to a compromise. In any view in which the part of the testimony objected to,

can be considered, it was immaterial to the issue, and if it had any influence on the minds of the jury, it was only calculated to lead them astray. If the motion to the court had been to reject it, because it was immaterial, it would have been error in the court to have refused it: but when the court were asked to reject it for a cause to which it was not obnoxious, the court had a right to conclude, that all other objections to it were waived. It is not the duty of the court to shape or remodel the propositions of counsel, but to respond to them as they are made, and either accept, or reject them.

The judgment of the court below must be reversed, and the cause remanded for a trial, in conformity with this opinion.

COLLIER, C. J.—I express no opinion upon the question, whether, if the sheriff (having no notice of the supersedeas) was justified in the execution of the process, the defendant was excused in receiving the possession at his hands. I concur in the judgment of the court, upon the ground, that if the sheriff was advised of a compliance by Morrison, with the terms on which the *certiorari* was awarded, the execution of the writ of restitution was unauthorised, and could vest no interest in the defendant, so as to justify or extenuate the trespass with which he is charged. The charge of the circuit judge to the jury, is evidently given upon the supposition, that the reverse, is the law—and in my opinion cannot be sustained.