RUSSELL G. HOPKINSON *v.* SILAS SEARS.

If an execution, in the process of collection, in the hands of an officer, after a levy upon personal property, but before sale, be superseded by the order of a judge, under the statute providing for new trials, in cases where judgment is rendered by default before justices, and the supersedeas be made known to the sheriff, and he still compel the party to pay the money, he acts without authority, and the money may be recovered of the sheriff in an action for money had and received.

If the supersedeas be shown to the sheriff, it is a sufficient service thereof, and it will take effect, at least, from that time.

ASSUMPSIT, for money had and received, for money paid out, and for money lent.

Plea, *non-assumpsit*, and trial by jury.

On the trial in the county court the following facts appeared. The defendant was a deputy sheriff, and had in his hands for collection an execution in favor of William Stevens against the plaintiff, on which the plaintiff had turned out certain articles of property. The plaintiff preferred to the county court his petition to set aside the judgment on which said execution issued, and for a new trial; procured the judge's supersedeas of said execution, and caused said petition and supersedeas to be served on said Stevens on the 23d day of April, 1840. On the 27th day of April, 1840, the defendant called on the plaintiff with said execution to procure for sale the property which had been turned out thereon. The plaintiff informed him of said petition and supersedeas, and showed them to him, and the return thereon, and insisted that the defendant should proceed no further with the execution. The defendant insisted he had received no legal notice of such proceeding. The plaintiff then offered to pay him the amount of the execution if the defendant would agree to repay him the amount in case the judgment was finally reversed. This the defendant declined, but insisted on his pay on the execution. The plaintiff then paid the defendant the amount of the execution and fees as stated therein, the defendant only promising he would give the plaintiff notice whenever the money was demanded by Stevens and before paying it to Stevens.

Afterwards the said petition of the plaintiff was entered in the county court, and the prayer thereof granted, and the original action was entered in court, and said Stevens thereupon became nonsuit. After the termination of said cause, the plaintiff, in July, 1840, called on the defendant and told him how it had terminated, and then demanded of the defendant the money so paid by him on said execution, which money still remained with the defendant. The defendant declined paying the same, insisting he was not bound so to do, and the money still remains with him.

The court charged the jury that upon the facts proved the plaintiff was entitled to recover the amount of said execution, to which charge, after a verdict and judgment for the plaintiffs, the defendant excepted.

*C. Story*, for defendant.

It was the duty of the defendant to collect the money on the execution, though he was shown what appeared to be a petition and supersedeas. He was not at liberty to take notice of that proceeding. Not having been served on him, it could not legally control him, nor justify him in not collecting the execution. Further ; if service had *at that time* been made on him he was not bound to take notice of it ; and even in that case he would not have been justified had he neglected to collect the money on the execution. At common law, a supersedeas does not stop the proceedings of an officer after he has made his levy, or began his service on an execution. 1 Aikens' R. 194, and 9 Johns. R. 66. 17 do. 34. An execution once regularly begun must be completed. Willes' R. 280.

If the defendant was bound to collect the money on the execution, the plaintiff has no right to recover it in this action. The defendant held the money, subject to the order of the execution creditor, and whenever the money should be demanded by the creditor he would be bound to pay it over ; or if he neglected to pay it,- when thus demanded, he would be subject to pay, as a penalty, fifteen per cent. interest for all the time he should keep it after such demand. Revised Statutes, p. 75, sec. 23.

Where money has been paid by the plaintiff to the defendant under the compulsion of legal process, which is afterwards discovered not to have been due, the plaintiff cannot recover it back in an action for money had received. 7 Term R. 265. Such action will not lie against a known agent or receiver for money paid voluntarily to such agent for the use of the principal, unless he paid it over after notice not to do it. Esp. N. P. p. 108. Where a man receives money for another as his agent under a pretence of right, the court will not suffer the principal's right to be tried in an action against the agent, if the defendant can show the least color or right in his principal. Esp. N. P. p. 108. Assumpsit will not lie to recover money which a party has voluntarily paid in consequence of an action brought, though the demand was unlawful, and paid with a reservation of the party's right, as the party should have resisted the payment, for, to allow this would be to multiply actions. Esp. N. P. p. 97.

*S. B. Colby,* — *Prentiss,* and *S. Cushman,* for plaintiff.

1. The supersedeas, when served upon Stevens, disarmed or divested the defendant of all power to proceed one step further in the progress of collecting the execution. Statute of October 30, 1829. The defendant, therefore, had no power to take and sell the property upon which he had previously levied the execution, or to exact the money in payment of the execution.

The defendant obtained the money illegally, and is, therefore, liable in this action for the amount so obtained. It was money which the defendant could not conscientiously retain.

The defendant must be regarded by the statute as having legal presumptive notice of the service of the supersedeas on Stevens. The law bound Stevens and his officer to stop the proceedings on the execution, the moment the supersedeas was served.

The defendant was bound to notice, at his peril, the signature of the judge who signed the supersedeas, and that of the officer who signed his return, and if he proceeded regardless of the direction of the law ' *to proceed no further,*' he was a wrong-doer and would be liable, in this action, to the plaintiff, without previous demand. If Stevens could not by law recover the money of the defendant, the defendant could not legally exact it of plaintiff.

2. This action was not brought until after the judgment of the justice had been vacated by the county court, and after a judgment of nonsuit in that court in the action of *Stevens* v. *Hopkinson.* How then could the defendant, on demand of the plaintiff, refuse to re-deliver the money to the plaintiff? The defendant certainly could not *then* legally detain it ; but, on demand, was bound at his peril to deliver it to the plaintiff.

The opinion of the court was delivered by

REDFIELD, J.—At common law no formal order of supersedeas is made upon the granting of a writ of error, at least so far as the party is concerned. In practice the writ is sued out before the final judgment, and takes effect from the time of signing final judgment, if bail be put in within four days, and this time is reckoned from the time judgment is not only signed but made up in form. *Blackburn* v.

ORLEANS,
March,
1842.

Hopkinson
*v.*
Sears.

*Kymer*, 5 Taunton, 672. If the writ is sued out after final judgment, as still it may be, it operates as a supersedeas or stay of execution, from the time of the *allowance* of the writ, that is, the delivery of the writ to the clerk of errors, and not from the time of service of notice upon the defendant in error, or his attorney, which is important only for the purpose of bringing them into contempt, if they presume to proceed and levy the execution. 2 Saund. R. 101, notes f, g, h, and cases there cited. *Jaques* v. *Nixon*, 1 T. R. 280. *Gravall* v. *Stimpson*, 1 B. & P. 478.

But if the sheriff have begun to execute his writ of execution, it is not superseded by suing out a writ of error merely. *Tocock* v. *Honyman*, Yelverton's R. 6, and notes. *Meriton* v. *Stevens*, Cro. Eliz. 597. But in this case, the money, which is raised by levy upon the goods of the debtor, and sale, is brought into court, to abide the event of the writ of error. 2 Saund. R. 101, n. i. But in many cases in the English practice, perhaps in all cases, where a writ of error is awarded after the execution is in the hands of the sheriff, a formal writ of supersedeas goes to the *sheriff*, which is served by delivering it into his hands, and this writ, as its name indicates, arrests all further proceedings. If the body is in custody it is suffered to go at large upon sufficient security being given for the ultimate payment of the judgment if affirmed. But if the goods of the debtor have been levied upon they are sold and the money retained.

In our practice, if the writ of *audita querela*, and the petition for new trial, in cases like the present, operate as a supersedeas, in any manner, it is by reason of a special order to that effect, made by the authority issuing the writ, which is virtually combining the writ of supersedeas with the other writ. As these provisions are statutory in our system of jurisprudence, their effect ought not to be determined except with reference to the several statutes upon this subject.

As this supersedeas, the effect of which we are now considering, issued before the present revision of statutes came in force, we must refer to the former statutes. From those it is very obvious, we think, that the order of supersedeas was intended to arrest all further proceedings upon the execution, in whatever stage it was. The statute of 1829,

under which this supersedeas issued, provides that the judge may order "a supersedeas of the execution, and *a stay of all proceedings thereon*, until final judgment." The phraseology seems to imply, not only that the execution is to be thereby prevented, but if in progress, it is to be forthwith arrested, and to remain *in statu quo*; for the concluding sentence reads thus; " until a final decision shall be made on such petition; and if execution shall not have issued such judge may order that the same shall not be issued during the pendency of such petition." The provisions of the revised statutes may be considered, in some sense, a legislative construction of the former statute upon this point, and they read thus ; " The judge may, in any case, order a stay of all proceedings on the judgment, *whether execution shall have issued or not.*"

The statutory enactments, in regard to the writ of *audita querela*, and the form in which the recognizance is required to be taken, " for the *redelivery* of the body or estate, as the case may be, to the custody of the officer," &c., clearly indicate that the legislature intended to give the same effect to the order of supersedeas, in that class of cases, which we are now giving to it, in the class of cases under consideration. Such, too, has been the uniform practice under both these stututes.

A question was made, at the bar, as to the mode in which this order was served upon the sheriff. We think it was well enough. Had it been a separate writ, it might perhaps have been well served by delivering it to the sheriff; but that, in the present case, could not have been done, as it must be returned to the court. We think that, at the least, it would take effect from the time it was made known to the sheriff, as, at common law, after this the party would be in contempt. Such is the rule in some of the early decisions in Connecticut, which I think have been there followed. *Phelps* v. *Landon*, 2 Day, 370. In Massachusetts, too, they have given the supersedeas, on granting a writ of error, the same extension we now give it. *Bailey* v. *Baxter*, 1 Mass. 156. So, also, upon a petition for a new trial, after execution had issued, Parker, J. ordered the execution to be seperseded, upon proper security being given. *Bond* v. *Cutler*, 7 Mass. 205. In the state of New York, they have

followed the English rule in regard to this subject.  *Blanch--ard v. Myers*, 9 Johns R., 66.

The decision upon this point, in effect, disposes of the case.  The order of supersedeas having rendered the writ of execution wholly powerless and inoperative, it was the same as if the execution had been recalled, or never issued.  The sheriff, after this, proceeded in his own wrong, and the enforcing the payment must be regarded as an act wholly unauthorized, and as virtual extortion.  It cannot be considered in any sense a voluntary payment by the plaintiff.  He must have his redress by action at law, (this being final process, he could not otherwise be heard at all,) and this seems to be the appropriate remedy.  If the party, compelled to pay money on final process, after that process is superseded, and this made known to the sheriff, cannot have redress by action at law, then indeed would he be without all remedy, unless he resort to forcible resistance, which could not be justified unless the law denies all peaceable redress.

Judgment affirmed.