## WELCH v. JONES, AND ANOTHER.

1. It is not essential to the efficacy of a *supersedeas*, that it should be executed by a sheriff or other officer; but a delivery of the *supersedeas* by the defendant in execution or other person, to the officer who has in his hands the process to be superseded, is effectual for all legal purposes.

Writ of Error to the Circuit Court of Tuskaloosa.

This was an action of trespass, at the suit of the plaintiff in error, for the taking and carrying away certain goods and chattels. The defendant Jones pleaded *not guilty*, and his co-defendant pleaded *not guilty* and *justification*, as a constable, under executions. A verdict was returned for the defendants, and judgment was thereon rendered. On the trial, a bill of exceptions was sealed at the instance of the plaintiff from which it appears that after he had introduced his evidence for the purpose of proving the trespass complained of, the defendants proved that the defendant Jones had recovered two judgments against plaintiff before a justice of the peace; that executions regularly issued thereon, and were placed in the hands of the defendant, Abernathy, as a constable, to be executed, who levied on the property described in the declaration, and advertised and sold the same. Plaintiff then proved that he had regularly obtained from the clerk of the county court of Tuskaloosa, writs of *certiorari* and *superdeas* to remove the judgments recovered by Jones, to that court, and to supersede the executions; that the *supersedeas* was handed by the plaintiff to Abernathy on the morning of the day of sale, and before the sale. The court charged the jury that no one but a lawful officer of the court, or some person deputed for that purpose, could serve a *supersedeas*.

E. W. Peck and L. Clark for the plaintiff in error, insisted that a *supersedeas* may be assimilated to an injunction,

Welch v. Jones, and another.

which may be served by any one.   [Eden on Inj. 50.]   The sheriff derives the authority to serve notices from the statute. [Clay's Dig. 337, § 138.]

P. MARTIN and B. W. HUNTINGTON for the defendants, contended that a *supersedeas* was a writ or process which must be served by some competent officer, and if delivered by a private person may be disregarded.   [Clay's Dig. 535; 1 Mass. Rep. 488.]

COLLIER, C. J.—The writ of *supersedeas* is not addressed to a sheriff or other officer, to be served on him who holds the process, the action of which is to be suspended ; but it is directed to the latter, informing him that the execution or other mandate has been superseded.   It is a mere formal notice, and derives its legal efficacy from the order under which it issued ; and is not indispensable to give effect to the order. Accordingly it has been held, that if a sheriff takes the goods of a person in execution after notice of the allowance of a writ of error, which operated as a *supersedeas*, he is liable to be punished for a contempt ; and if an attorney take out execution after such notice, he is liable in the same manner. In Morrison, et ux. v. Wright, 7 Port. R. 67, the question was, whether knowledge that a writ of restitution issued up- a judgment in an *unlawful detainer* had been regularly superseded would render its execution void, and make the officer a trespasser, this court said, "It is true that the process in the sheriff's hands, became inoperative the moment it was superseded by the performance of the conditions imposed by the *fiat* of the judge, and all proceedings under it afterwards were void.   But it by no means follows that the sheriff was a trespasser ; any act of his, under, or by virtue of the process, after *notice* of the *supersedeas* would constitute him a trespasser ; but the notice to have this effect must be actual, not constructive notice—and the placing in the hands of his deputy, the writ superseding the former process, will not of itself, be such notice as the law requires."

We cannot very well distinguish between an *injunction* and a *supersedeas*, as to the manner of affecting a party with notice of them. In respect to the former, it has been said that it is not necessary to constitute a breach, that the injunction should be actually served. If a party have, by himself or his attorney, notice in any other way, of the fact of an injunction having been granted, though it should not be regular notice, it is a breach of the injunction to disobey it. [Drewry on Inj. 399.]

Here a *supersedeas* in due form, as we must presume, was handed by the defendant in the executions to the constable. This we think was sufficient to inform him that further action upon them had been arrested, and in disobeying the *supertedeas* he subjected himself to the consequences resulting therefrom. If it is not genuine or authoritative it devolves upon him to show it. Notices, either initiatory, or issuing in the progress of a cause, were not, in practice, served by a sheriff, until the passage of the act which confers such power; and when such notices were served by him, he verified by oath, as any other individual is required *to do, the* fact of service. The statute in relation to notices, is perhaps considered as merely cumulative, and does not take from private persons the authority to serve them—it certainly is not exclusive as it respects a *supersedeas*. If the *supersedeas* had been handed to the constable by one of the by-standers, according to the view we have taken, the service would have been good, and being delivered by the defendant in their presence, and the delivery verified by their testimony at the trial of this cause, we think it quite sufficient to bring home to the constable notice of the *supersedeas*, previous to the sale. The ruling of the circuit court is consequently erroneous—its judgment is reversed, and the cause remanded.