ROBERT JOHNSON, plaintiff in error, *vs.* FRANK FOX *et al.*, defendants in error.

[McCay, Judge, was providentially prevented from presiding in this case.]

1. A ministerial officer is protected in the execution of a process from a court of competent jurisdiction, where there is nothing on the face of the process or attached thereto, showing that it is illegal or void, or that it has been superseded.

2. In an action against an officer for levying and selling under such a process, if the plaintiff rely on the fact that it has been superseded, he should not only so state in the declaration but should also charge notice of that fact on the officer.

3. Where on a trial in a justice court of the issue made by counter-affidavits against lien executions in favor of laborers, judgments are rendered for plaintiff, and an appeal is entered or a *certiorari* sued out, the justice has no authority to grant an order that the executions proceed for the purpose of raising money to pay the cost.

4. But as it does not appear from the record whether the sale in this case was had under an order to proceed with the original execution or under a special order directing a sale, and that the proceeds be applied to the payment of cost, the judgment sustaining the demurrer is affirmed.

Officers.    Process.    Laborer's lien.    Appeal.    *Certiorari.*
Before Judge CHISOLM.    City Court of Savannah.    July Term, 1873.

This case is reported in the opinion.

A. P. ADAMS; HENRY B. TOMPKINS, for plaintiff in error.

RUFUS E. LESTER, for defendants.

Johnson *vs.* Fox *et al.*

Trippe, Judge.

1. The general rule is that a ministerial officer is protected in the execution of process from a court of competent jurisdiction, when there is nothing on the face of the process showing that it is illegal or void, or that it has been superseded : 7 Porter, 67 ; 5 Hilliard, 440 ; 7 Metcalf, 257 ; 1 Iredell, 473.

2. The declaration in this case alleges that the sale by the officer was made under an execution, when there had been a *certiorari* sued out on the judgment on which the process issued. This was the execution in favor of Robert Williams *vs.* Johnson, the plaintiff in error. There was no allegation that the levy of the other execution in favor of John Jivilin, from whose judgment an appeal had been entered, was prosecuted to a sale of the property, nor that the order of the justice covered said execution. Nor is there any allegation that either the justice or the constable knew that the *certiorari* had been sanctioned. It might well be, and doubtless often is, that a *certiorari* is granted, and no notice thereof given to the other party, nor the fact known to any officer for a considerable time. By sections 4058 and 4059, Code, service is required to be made of the writ on the party to whom it is directed (the justice in this case,) fifteen days, and notice thereof to the opposite party ten days, before the sitting of the court to which the same may be returnable. This may be sixty or ninety days, or more, after the writ is ordered ; and as in this case it seems the cost was not paid, the affidavit in *forma pauperis* must have been made, and consequently no notice of even an intention to apply for the writ, or that there was any such writ given, unless it was given under the statute. As stated, this is not alleged. Of course there could have been no appeal without notice to the justice. But as before remarked, the allegation is that the sale was made under the execution of Williams, in whose case there was no appeal.

3. If a plaintiff in an action against the officer for levying and selling under such a process, rely on the fact that it has been superseded, he should not only so state in his petition,

but should also charge notice of that fact on the officer : See Whitfield *vs.* Johnson, 1 Iredell, 473. It is true that where an appeal is thus entered, or a *certiorari* sanctioned and so known to the justice, he has no authority to grant an order that the execution proceed for the purpose of raising the money to pay the cost. And it may further be said, that it must be a peculiar case where the justice can issue any order merely for the collection of cost, unless it be one where only judgment for cost is given.

4. But we do not take it from the declaration that such an order was issued. It certainly is not distinctly so stated. It is charged that the object of the constable was to collect the cost, and that such intention was known to the justice. This he had a right to do, if he proceeded at all—a right to collect both principal and interest of the debt and cost. I will further add that it is nowhere stated what disposition was made of the proceeds of the sale. The statement that the order was granted under the act of 21st February, 1873, shows that it could not have been granted merely for the purpose of raising money to pay the cost. We take the case simply to be this, that a lien execution for an amount under $50 00 was in the hands of the constable, and was levied; that a counter-affidavit was filed by the defendant. On the hearing of the issue formed on this, the judgment was in favor of the plaintiff. The defendant applied for and obtained a writ of *certiorari* without the payment of costs, or giving bond and security. That no notice of this writ was given to the justice or the constable, at least none is alleged, and that within three or four days thereafter the justice ordered the execution to proceed under the act of February, 1873, and that the constable sold the property levied on by virtue of the execution and the levy already made. We say, these are the facts we gather from the declaration and the amendment. The intention of the officer to have the cost paid, as stated in the amendment, does not make that illegal which was otherwise legal. This being so, the dismissal of the suit on demurrer is not error.

Judgment affirmed.