MEMPHIS GROCERY CO. *v.* A. E. ANDERSON, SHERIFF, ETC.

APPEAL.   *Supersedeas.   Notice.   Sheriff.*

   A sheriff is not liable on his bond for permitting a successful claim-
      ant to take property that had been adjudged to him, during
      the pendency of an appeal with supersedeas, the supersedeas
      bond in which was not executed by plaintiff in attachment until
      nearly four months after date of the judgment appealed from,
      when it appears that the sheriff had not been served with a writ
      of supersedeas nor received other official notification of the super-
      sedeas.

FROM the circuit court of Sunflower county.

HON. F. A. MONTGOMERY, Judge.

·The Memphis Grocery Company attached the Prentiss Lum-
ber Company, and the writ was levied on certain machinery,
part of which, a twin engine, was claimed by the Valley Land
Company.   On the trial the claimant, the Valley Land Com-
pany, recovered judgment, from which the Memphis Grocery
Company appealed to the supreme court, giving a super-
sedeas bond, but had no writ of supersedeas issued and gave
the sheriff no notice of the appeal with supersedeas.   After
this the Valley Land Company removed the twin engine from
the state.   The supreme court reversed the judgment in favor
of the Valley Land Company, and a new trial resulted in favor
of the Memphis Grocery Company, on which judgment a *vendi-
tioni exponas* was issued to the sheriff, Anderson, upon which
he returned that he could not sell because the engine had been
removed from the state without his knowledge or consent.
Thereupon the Memphis Grocery Company proceeded, by mo-
tion, against the sheriff and his sureties for the value of the
engine.

   The court below gave a peremptory instruction in favor of
the sheriff, hence this appeal.

*W. S. Chapman*, for the appellant.

The papers in the case were introduced in evidence by appellee to show that no writ of supersedeas had been issued or served.   They showed that, it is true, but they also showed that the execution against the Memphis Grocery Company for costs was not acted upon and bore the indorsement "In supreme court, received May 19, 1894.   A. E. Anderson, Jr., sheriff.   By R. P. Miller, D. S.," together with the further indorsement, "Case pending in supreme court.   A. E. Anderson, Jr., sheriff.   By R. P. Miller, D. S."   The sheriff clearly was aware of the pendency of the appeal, and his denial that he had notice of the appeal and that he was ever served with a writ of supersedeas does not affect the question of his liability. Whatever will put a party on inquiry which, if pressed with ordinary diligence, would lead to a discovery of the true facts, is notice.   *McLeod* v. *Nat. Bank*, 42 Miss., 99; *Parker* v. *Foy*, 43 *Ib.*, 260; *Buck* v. *Paine*, 50 *Ib.*, 648.

*J. H. Wynn*, for the appellee.

The fifth ground of defense sets out that, even if the bond was a supersedeas bond, no writ of supersedeas was ever issued upon it, and the sheriff had no notice of it until after the property had been removed from the state.   Even if the bond was a supersedeas bond, still the sheriff cannot be held liable unless a writ of supersedeas was issued or he had notice of the appeal.   Writs of error are now abolished, and appeals are provided for the revision of causes.   Section 49 of the code of 1892, which provides for and requires the giving of a supersedeas bond, uses this language: "And a supersedeas shall not issue until the bond is given."   What is meant by the language "supersedeas shall not issue?"   It means not only that a supersedeas bond must be given, but that a writ of supersedeas must issue thereon.

A writ of supersedeas is a writ issuing to supersede the judgment after the bond is given, and is for the purpose of

staying further action. How could the sheriff know an appeal had been taken unless the supersedeas was issued or notice had been given him ?

In Freeman on Executions, section 32, it is said: "Writs of error or certiorari, at the common law, from the time of its allowance, operated as a supersedeas and avoided all procedure thereafter taken, though consummated before any notice was given of the allowance of a writ. At the present time, however, the rule is otherwise, both in England and in the United States."

I submit that without notice of an appeal, no supersedeas writ having issued, the sheriff had no authority to prevent removal of the engine. It was attempted to show that the sheriff had notice by the introduction of an execution issued to the sheriff on which there was a memorandum marked "in the supreme court." I call attention to the fact that this writ was not returnable until long after the property had been removed. There is nothing to show when this memorandum was made, and the sheriff testified that he never made up his returns till just before the court convened. The court will bear further in mind that the property was removed only a few days after the appeal bond was executed, because the appeal bond was not executed until the latter part of August and the property was removed the latter part of August or the first part of September.

WOODS, C. J., delivered the opinion of the court.

It is certain that no certificate or writ of supersedeas was ever issued after the bond for appeal was given, and, of course, there was never any delivery or service of such certificate or writ to the sheriff, and until official notice had been given that officer, it was his duty to obey the judgment of the court, which directed him to turn over and deliver the twin engine to the successful claimant. Whether he might have turned over the engine on failure of the plaintiff in attachment, for more than five

days, to perfect an appeal from the judgment in favor of the claimant, under § 173 of the code of 1892, or whether he might have turned over to the claimant the engine, on failure of the plaintiff in attachment, who lost on the claimant's issue to take an appeal for more than twenty days, the period within which, under § 3459, of same code, clerks of courts are required to issue executions, we need not determine on the facts of this case. Nearly four months elapsed after judgment in favor of the claimant before an appeal was taken or bond for supersedeas given by the unsuccessful plaintiff in attachment, and surely, within that long interval of time, the appeal with supersedeas might and should have been taken, and on plaintiff's failure and delay to act for that period, the sheriff was authorized and required to turn over the engine to the successful claimant, who had secured a judgment directing the sheriff to do that very thing.   It cannot be contended, with reason, that the sheriff's duty was to disregard the judgment of the court for two years, and wait to see whether an appeal would be prosecuted within the two years within which appeals may be taken under our law. That a writ of supersedeas was required to be issued, and necessarily to be delivered to or served upon the sheriff, is plainly implied by § 49, code of 1892, which declares that "a supersedeas shall not issue until such bond shall have been given," as well as by § 60 of the code, which also declares, "except as herein otherwise provided, an appeal shall not be considered as perfected, or a supersedeas awarded thereon, unless the bond required shall have been given and approved."   The requirement that a writ shall issue and be served is a simple one and one easily to be complied with.   It is of vital importance to the officer holding a writ, or obeying the mandate of a court, since compliance with this requirement alone affords protection to him for failure to execute the writ or obey the mandate.

In the present case, as has been stated, no writ was ever issued, nor was the sheriff officially notified of an appeal with supersedeas.   In this state of case, the property—the engine—

was taken possession of by an agent of the claimant and shipped out of this state. This action of the claimant's agent imposed no liability upon the sheriff, for he might then have reasonably and properly have himself delivered the property to the claimant, as, by the judgment of the court, he had been ordered to do some four months previously. But, without reference to our statutes, it appears to be well settled that to make a supersedeas effective the writ must be served upon the officer whose action is sought to be restrained by the supersedeas. The authorities are uniform on this point, so far as our examination has extended. *Payne* v. *The Governor*, 18 Ala., 320; *Runyon* v. *Bennett*, 4 Dana, 598; *Foster* v. *Wiley*, 27 Mich., 244; *Hopkinson* v. *Leurs*, 14 Vt., 494; *Bryan* v. *Hobbs*, 69 N. C., 423; and *Foster* v. *Kansas*, 112 U. S., 201.

The action of the court below in giving the peremptory instruction for appellee was correct.

*Affirmed.*