ELIZABETH G. PARKE. *vs.* JAMES G. MABEE.

Suffolk.    March 27, 1900. — May 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Municipal Court — Appeal — Indorsement on Bond.*

The indorsement on a bond given on taking an appeal from a municipal court, "Bond and Surety approved. Bond filed. N. T. M., Jr., Clerk," in the absence of anything further, sufficiently shows that the bond was approved by the court as required by St. 1888, c. 325, § 1.

HOLMES, C. J.    This was a summary process for the recovery of land, originally brought in the Dorchester Municipal Court. The plaintiff had a judgment there, and the defendant appealed to the Superior Court. The plaintiff moved to dismiss the appeal as irregular. This motion was overruled by the Superior Court, and now, after a trial and verdict for the defendant, is brought here by appeal.

The record shows that the bond given on taking the appeal was indorsed "Bond and Surety approved. Bond filed. N. Thomas Merritt, Jr., Clerk." The plaintiff's argument is that this discloses on its face that the approval was by the clerk, according to what is said to have been the old practice under the Public Statutes before the amendment of 1888; Pub. Sts. c. 175, § 6; St. 1888, c. 325, § 1; or at least that it does not show that the bond was approved by the court. *Putnam* v. *Boyer*, 140 Mass. 235.

In our opinion the words are sufficient to express an approval by the court. The entry on the docket of this court for the same purpose when a writ of error from the Supreme Court of the United States is allowed, is in the same form.

It is true that in the present case the entry is not on the docket, and that although the bond was a necessary part of the appeal it would be contrary to popular understanding to call the bond part of the record or to say that an indorsement upon it was an entry of record. But the bond remains in the custody of the court, and an indorsement upon it is a usual way of show-

ing that it is approved.  If the approval were indorsed by the judge's own hand, there could be no question.  When it is to be approved by the court, it seems to us as proper for the clerk to note the action of the court upon the bond as it is that he also should note it in his docket.  The clerk's function is to certify the court's action, and whenever it is proper that it should be certified it is proper for him to certify it.

It is a very common practice in this and probably in other courts, when judicial action has been taken upon a paper, — bond, petition, pleading, or whatever it may be, — for the clerk, at least in the first instance, merely to indorse the result of the action upon the paper with his attestation and without adding the words " By the court."  See further *Rawson* v. *Dofner*, 143 Mass. 76; *Howes* v. *Maxwell*, 157 Mass. 333, 335.

*Order overruling motion to dismiss affirmed.*

*G. W. Parke*, for the plaintiff.
*P. B. Kiernan*, for the defendant.