*Jule Felton* and *A. C. Riley,* for defendants.

---

## KING *v.* HALEY.

1. The losing party in a possessory-warrant case may supersede the judgment for ten days, by giving the adverse party notice of an intention to apply for a writ of certiorari. If he fails to give this notice, but obtains a grant of the writ of certiorari within ten days, he must give the officer notice of the grant of certiorari before he can hold the officer subject to rule for delivering the property in accordance with the judgment of the magistrate.
2. As a general rule a ministerial officer is protected in the execution of process from a court of competent jurisdiction, when there is nothing on its face to show, and the officer does not know, that it has been superseded.

NOVEMBER 15, 1916.

Rule against constable. Before Judge Meadow. Franklin superior court. October 8, 1915.

*A. S. Skelton,* for plaintiff. *John S. Haley,* for defendant.

EVANS, P. J. The plaintiff's petition for a rule against the defendant was dismissed on demurrer. He alleged that one Brown sued out against him a possessory warrant for the recovery of a horse. The warrant was duly executed by the defendant, who was a constable, by the seizure of the horse. The issue formed on the possessory warrant was tried by the magistrate, who awarded the possession of the horse to Brown on his giving bond as required by the statute. Before a writ of certiorari had been granted by the superior court and before the expiration of ten days from the magistrate's judgment, the constable took from Brown a bond conditioned as required by the statute and the judgment, and delivered the horse to Brown. On certiorari the judgment of the magistrate was reversed and the property was awarded to the possession of the plaintiff, and the possessory warrant has been dismissed by the magistrate. Plaintiff has demanded of the con-

stable the possession of the horse, and the constable has failed to deliver it to him.

It is provided by the Civil Code, § 5374, that the justice of the peace, after hearing evidence in a possessory-warrant case, shall cause the property to be delivered to the party from whose possession the same was violently or fraudulently taken or enticed away, or from whom the same absconded, or in whose peaceable and lawful possession it last was, provided such party shall then and there enter into a recognizance, with good security, conditioned to have the property forthcoming to answer any judgment, execution, or decree obtained in a suit brought within the next four years touching the property. The next section (5375) provides that the magistrate's judgment may be superseded for ten days by a notice of intention to certiorari the decision of the court, when served upon the opposite party or his agent or attorney; during which time the officer shall retain possession of the property, and if after ten days no certiorari has been granted the officer shall deliver the property as directed by the court. In all civil cases the writ of certiorari, when granted, shall operate as a supersedeas of the judgment until a final hearing in the superior court. Civil Code, § 5191. Thus it will be seen that the judgment of the magistrate may be superseded for ten days, on giving notice of intention to apply for a writ of certiorari, during which time the constable must retain possession of the property. If this notice is not given, and the losing party makes application for the writ of certiorari and the writ of certiorari is granted, in order to prevent the constable from executing the judgment of the court he must give the constable notice of the granting of the writ of certiorari. It is a general rule that a ministerial officer is protected in the execution of process from a court of competent jurisdiction, when there is nothing on the face of the process showing that it is illegal or void or that it has been superseded. *Johnson* v. *Fox,* 51 *Ga.* 270. So far as the petition discloses, the constable had no notice that the judgment of the magistrate had been superseded by the grant of a writ of certiorari, and his execution of the judgment of the magistrate in accordance with its terms absolves him from any liability to rule on that account. The plaintiff's remedy is his action on the bond given pursuant to the magistrate's judgment.

*Judgment affirmed. All the Justices concur.*