ELMER N. KEITH *vs.* RAPHAEL ROSNOSKY (after discontinuance against another defendant).

Suffolk. October 14, 1918. — December 11, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Supersedeas. Bond,* Approval. *Evidence,* Presumptions and burden of proof. *Trespass,* On real estate. *Landlord and Tenant. Constable.*

A writ of supersedeas, commanding the officer in whose hands an execution has been placed for service to refrain from further action thereon, takes effect from the time that the sheriff or constable in whose hands the execution has been placed for service has notice of such writ.

Where the docket entries of a court from which a writ of supersedeas purports to have issued state that a bond in a certain sum was filed, "surety app'd by Clerk," and that "Ct. orders Supersedeas to issue & same is issued," and the bond bears an indorsement made on the date of these entries, "Examined and approved," signed by the clerk of the court, it sufficiently appears that all these things were done by or by direction of the court and it must be presumed that the court, having knowledge of the requirements of R.'L. c. 193, § 17, approved the bond and the surety on the bond before ordering the supersedeas to issue.

An action of tort will not lie against a constable who, in serving an execution commanding him to put the owner in possession of certain premises occupied by the plaintiff and his family, removed the furniture, thus making it necessary for the plaintiff's wife and child to leave, and who in doing so "shut his fist and hollered and hollered" but did not come within striking distance of the plaintiff's wife and child.

TORT, brought originally against Jacob Perlis, the plaintiff's former landlord, and Raphael Rosnosky, a constable, but discontinued against the defendant Perlis. At the trial the plaintiff elected to rely only on the second and fourth counts of his declaration, which are printed below. Writ dated April 2, 1915.

The counts relied upon were as follows:

"Count 2. And the plaintiff says that on or about the twenty-sixth day of March, A. D. 1915, the defendant Rosnosky, under instructions from the defendant Jacob Perlis, did with force and arms make an assault on the plaintiff, and then and there seized and laid hold of the plaintiff and then and there forced and obliged the plaintiff to go in and along divers public streets to a certain office, and then and there imprisoned the plaintiff and kept and detained him without any reasonable and proper cause whatever for a long time, contrary to law and against the will of the plaintiff, whereby the plaintiff was greatly hurt, bruised, wounded and greatly exposed and injured in his reputation, credit and business, and was put to great expense for counsel fees and loss of time by reason of the defendant's acts.

"Wherefore the plaintiff claims damages as alleged in his writ."

"Count 4. And the plaintiff says that the defendant Rosnosky is a constable in the city of Boston, and that on or about January 27, 1915, the defendant Perlis gave him an execution against the plaintiff for possession of the premises numbered 1873 Columbus Avenue, Roxbury, Mass., and the costs to the amount of Six 84/100 Dollars; that the defendant Rosnosky with others thereafter went to the plaintiff's premises at 1873 Columbus Avenue for the purpose of ejecting the plaintiff from the premises; that when the said Rosnosky arrived at said premises he was informed by the plaintiff's wife and a physician, who was in attendance on one of the plaintiff's children, that one of the plaintiff's children, who was then in bed, was seriously ill, and that the child could not be moved at that time; that despite this notice, the defendant Rosnosky removed the plaintiff's furniture and effects from the premises and put them on the street, and later in a storehouse, excepting a couch-bed, upon which the said sick child was lying; that the defendant Rosnosky then left the premises; that the plaintiff's child's sickness was greatly aggravated by reason of the acts of the defendants in removing from the premises all the clothing and household effects necessary for the child's recovery, and from the disturbance created by the defendant Rosnosky and his agents in pulling down the furniture and removing it, the said child became very ill, requiring the constant attendance of a physician during its illness, and that those

acts of the defendants toward the plaintiff's child also affected the health of the plaintiff's wife, and she became ill therefrom; that by reason thereof the plaintiff was put to great expense for medical attendance and medicine for both his wife and child.

"Wherefore the plaintiff claims damages as alleged in his writ."

In the Superior Court the case was tried before *Hitchcock,* J. The evidence for the plaintiff is described in the opinion. At the close of the plaintiff's evidence the defendant made a motion asking the judge to order a verdict for him. The judge submitted to the jury two questions, which with the answers of the the jury were as follows:

"1. Did the defendant Rosnosky know before he had made the arrest on the execution that a writ of supersedeas had been issued, commanding him to refrain from further action on the execution?" The jury answered, "Yes."

"2. If the plaintiff was unlawfully arrested by the defendant Rosnosky, what damages did he suffer?" The jury answered, "$250."

Thereupon the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*E. Carr,* for the plaintiff.

*D. H. Fulton,* (*C. Rosnosky* with him,) for the defendant.

PIERCE, J. This is an action of tort. The declaration was in four counts. Only the second and fourth were relied upon. The second count alleged an assault and battery and false imprisonment on March 26, 1915. The fourth count, informally stated, apparently was intended to charge a trespass *quare clausum fregit* by the defendant, a constable, who had entered the premises by authority of an execution against the plaintiff for possession on January 27, 1915, and had removed the plaintiff's furniture and effects, as alleged, with such disturbance as to aggravate the sickness of the plaintiff's child, then in bed; as also, by reason of the acts of the defendant toward the plaintiff's child, so to affect the health of the plaintiff's wife as to cause her to become ill therefrom; whereby "the plaintiff was put to great expense for medical attendance and medicine for both his wife and child." At the close of all the evidence the presiding judge "rule[d] as a matter of law, that upon all the evidence in the case the plaintiff is not entitled to recover," and directed

the jury to return a general verdict for the defendant, which they did. The case is before us on the plaintiff's exceptions.

Upon the count for assault and false imprisonment the plaintiff proved the arrest was on an execution for costs by the defendant in his capacity as a constable of the city of Boston. To avoid the justification the plaintiff proved that a writ of supersedeas had been issued commanding the defendant to refrain from further action on the execution; that the defendant knew the supersedeas had issued, and offered evidence tending to prove that the defendant had received the writ of supersedeas. No evidence was offered to prove an official service of the writ on the defendant. The writ of supersedeas is not addressed to a sheriff or other officer, to be served on him who holds the process, the action of which is to be suspended, but it is directed to the officer who holds the execution, informing him that the execution or other mandate has been superseded, *Welch* v. *Jones,* 11 Ala. 660; and like an injunction may be served by any one. *In re Lennon,* 166 U. S. 548, 554. We think it takes effect from the time the sheriff or constable who holds the process has actual notice of it. *Hopkinson* v. *Sears,* 14 Vt. 494. *Morrison* v. *Wright,* 7 Port. 67. *Frohlichstein* v. *Jordan,* 138 Ala. 310, 316. *State* v. *Dwyer,* 12 Vroom, 93. See *Tarlton* v. *Fisher,* 2 Doug. 671, cited in *Wilmarth* v. *Burt,* 7 Met. 257, 259.

The defendant contends that "the alleged supersedeas, as a matter of law, did not properly issue and did not render the plaintiff immune from arrest" because the bond required to be given by R. L. c. 193, §§ 17 and 18 to the adverse party, with security approved by the court, was not approved by the court but was approved by the clerk, as appears by the docket of the court. The docket entries are as follows:

"Feb. 11   Petr. files bond in sum of $100.   Mark A. Collins surety app'd by Clerk.

"11   Ct. orders Supersedeas to issue & same is issued."
The bond on the same date as the above entries was indorsed:

"Examined and approved:

Edward W. Brewer, Clerk."
The order of docket entries and the indorsement on the bond indicate that they were all made by the direction of the court, and it must be presumed that the court, having knowledge of

the requirement of the statute, approved the bond and the security of the bond before ordering the supersedeas to issue. *Parke* v. *Mabee*, 176 Mass. 236. It follows that a verdict for the defendant on the second count should not have been directed.

Upon the count for trespass *quare clausum fregit* the defendant justified under an execution for possession. The plaintiff introduced no evidence of assault or of physical violence imposed on himself or upon his child. His wife testified that the defendant "was going back and forth. I ran up against the closet door, thinking that he was going to hit me, as he shut his fist, and hollered and hollered." She testified "No," in answer to the questions "He didn't strike you?" "He didn't come within striking distance?" It is clear the wife and child had no cause of action against the defendant because of noise and disturbance in the removal of the furniture and effects, or because of any act of violence or threat of physical harm. Whatever the defendant did or said cannot fairly be said to have denoted at the time to the wife an intention to attack her. "The defendant's duty was to put the true owner in possession in obedience to the command of the execution." To put the owner into possession required of necessity the removal not only of the plaintiff, but also of his family and effects. *Fiske* v. *Chamberlin*, 103 Mass. 495. Upon all the evidence we do not think the defendant was guilty of any substantial abuse of his authority. *Six Carpenters Case*, 8 Rep. 146 *b*.

The entry as to the ruling on the second count must be, exceptions sustained; and as to the fourth count, exceptions overruled; and it is

*So ordered.*