## McCandless v. State.

(Division B.  June 13, 1932.)

[142 So. 490.  No. 30061.]

Franklin, Easterling & Rosenthal, of Jackson, for appellant.

**Holmes & Potter**, of Jackson, for the state.

542

**Griffith, J.,** delivered the opinion of the court.

This appeal is from a decree of contempt and is the third appeal that has reached this court, growing out of the same general controversy wherein an illegal board of school trustees attempted to oust the legal board and to oust appellant who was the legally elected superintendent of the school. The first case is reported under the style State ex rel. Plunkett et al. v. Miller et al., 137 So. 737, and the second was dealt with in an elaborate opinion in Walter Day et al. v. C. H. McCandless, 142 So. 486, delivered on June 6, 1932. Those two opinions will disclose the main facts which have led up to that branch of the controversy which is now before us; but a brief review will here be made.

An illegal board of school trustees attempted to force the legal board out of office, and to force appellant who had been elected superintendent of the school to quit his place, to which place the usurping board elected or pretended to elect another superintendent. The said usurping board, at the beginning of the school session of 1931-32, wrongfully called to its aid the strong arm of the chancery court, and an injunction was secured against appellant, the legal superintendent, and without notice to him until the injunction had been issued and served on him, prohibiting him from entering upon his duties as superintendent, and from the performance of any of said duties, and generally restraining and enjoining him even from going upon the school premises. In other words, and in brief, an illegal board and an illegal in-

junction took the school away from those lawfully entitled and turned it over to usurpers.

When this court, in the first case, decided that the pretended board which had been operating against appellant was an illegal board, appellant promptly moved to dissolve the injunction which had been procured against him by said illegal board. This motion was presented on January 8, 1932, and by agreement the final hearing thereon was postponed until January 16, 1932. Among other things presented at the hearing to dissolve was a resolution of the legal board requesting that the bill filed by the usurping board be dismissed, and the bill was dismissed, and the injunction was wholly dissolved, because the pretended board which filed the bill and procured the injunction had no authority so to do. This action of the chancery court was affirmed in the second opinion of this court, above referred to.

But the decree of the chancery court dismissing said bill and wholly dissolving the injunction, which decree was dated January 16, 1932, but not filed until January 27, 1932, allowed—and most improvidently so—an appeal with supersedeas, provided the supersedeas bond should be given on or before February 6, 1932. After the dissolution of the injunction, and when it was no longer in force, the legal trustees requested and directed appellant to proceed with his duties as superintendent of said school, and he was thus proceeding on Monday, February 1, 1932, when he was served with a citation for contempt, issued on a petition sworn to and filed by the solicitor for the illegal board of trustees and upon a fiat of the chancellor for said citation, all on the same day, to-wit, February 1, 1932, and made returnable before the chancellor at nine o'clock the next morning, February 2, 1932. It appears, however, that appellant was given until the next day, February 3, 1932, to file his answer, on which day appellant was sentenced to ten days in jail for contempt.

The facts are that the supersedeas bond was filed and

approved on Saturday, January 30, 1932, but at what time of that day does not appear. Appellant was given no notice of the filing of said bond and no notice that the supersedeas had been put into effect, and it is admitted in the record that he had no knowledge of it until the citation for a contempt was served on him on Monday the 1st of February, 1932; but it is the contention, which was sustained by the chancellor, that appellant was under duty to watch the docket of the court at the county seat and to keep himself advised of the instant when the supersedeas bond was filed, if and when that event occurred, and that he acted at his peril in not doing so. In other words, as we understand it, the contention is that, although the injunction stood wholly dissolved until the supersedeas bond was filed, and up to that time appellant was in no way bound by the injunction, he was nevertheless bound in ultimate effect by the injunction, unless he either remained to watch the docket himself or placed a man on guard in the courthouse during the intervening days to give him instant notice.

We do not agree with this contention. On the contrary, in respect to a case in the attitude of this case, we must apply the language of the court in Memphis Grocery Co. v. Anderson, 76 Miss. 322, 326, 24 So. 387, 388, dealing with a supersedeas upon appeal, when the court said: "But, without reference to our statutes, it appears to be well settled that, to make a supersedeas effective, the writ must be served upon the officer whose action is sought to be restrained by the supersedeas." Reason and justice concur in requiring the observance of this rule of notice in a case such as we have here before us. We quote again from Memphis Grocery Co. v. Anderson, supra, and from page 325 of 76 Miss., 24 So. 387, 388, where the court said: "The requirement that a writ shall issue and be served is a simple one, and one easily to be complied with." So here, it would have been a simple and convenient step to have issued notice to appellant that the bond had been filed and the super-

sedeas thereby made effective—much simpler and much easier than to require appellant to wait and watch at the courthouse from day to day and much easier and much simpler than the steps taken in this citation for contempt which would have been without occasion if only the simple and convenient notice of the supersedeas had been issued and served. See, also, Wilson v. North Carolina, 169 U. S. 586, 18 S. Ct. 435, 42 L. Ed. 865, 872.

Reversed, and appellant discharged.