GILLESPIE, Presiding Justice.
Masonite Corporation filed in this Court a bill or application for an injunction against International Woodworkers of America, AFL-CIO, the local union, and certain officers thereof, requesting this Court to order the issuance of a temporary writ of injunction pending an appeal to this Court. The applicant will be referred to as Masonite and defendants collectively as Union.
Masonite operates a manufacturing plant in Laurel, Jones County, and the local union represents Masonite’s production and maintenance employees under a collective bargaining agreement. Said employees went on strike and Masonite filed in the Chancery Court of Jones County a bill for injunction. Union was enjoined from committing acts of violence in connection with picketing, and this injunction is still in force. Thereafter Masonite filed another bill for injunction, and on the fiat of a Justice of this Court a temporary injunction was issued prohibiting Union from engaging in a strike or other work stoppage. After Union answered the bill and Masonite moved to make the injunction permanent, a hearing was had and the chancellor dismissed the bill. Masonite appealed and forthwith filed in this Court an application for a temporary injunction against Union prohibiting a strike or other work stoppage pending disposition of the appeal. Filed with the application were *42 copies of various pleadings and proceedings in the trial court. Notice was duly given of Masonite’s application for temporary injunction and the matter was set by special order and all parties have filed briefs. Union demurred and answered, and requests that the application be dismissed.
Upon consideration of all aspects of the proceedings we are of the opinion that the temporary injunction which was in force until Masonite’s bill of complaint was dismissed, and which injunction was necessarily dissolved by said dismissal, should be kept in force until this Court decides the appeal on its merits. For reasons next to be stated, we are of the opinion that the proper procedure to keep the temporary injunction in force pending appeal is by a writ of supersedeas.
Masonite did not request of the chancellor an appeal with supersedeas, and it is apparent from the briefs that all parties to this litigation believe that supersedeas will not lie to keep in force pending appeal a temporary injunction which the decree appealed from dissolved. This probably is a result of a misunderstanding of the opinion of this Court in Mississippi Power & Light Company v. Town of Coldwater, 234 Miss. 615, 99 So.2d 443, 106 So.2d 375, 712 So.2d 222 (1958), wherein this Court held that supersedeas would not afford affirmative injunctive relief denied by the trial court. In that case there was no temporary writ of injunction before the Court, and while the Court said that it appeared one had been issued, its terms were unknown. The Court stated that the decree appealed from did not change the status quo of the subject of the litigation and that supersedeas would serve no purpose. The Court did not consider whether a writ of supersedeas would keep in force a temporary injunction dissolved by the decree from which the appeal was prosecuted. In the present matter the decree appealed from did change the status quo of the litigation by dissolving the temporary injunction.
The rule is that when there is an appeal with supersedeas from a decree dissolving a temporary injunction, the super-sedeas operates to keep in force the temporary injunction pending disposition of the appeal. McCandless v. State, 167 Miss. 539, 142 So. 490 (1932); Kimball, Raymond & Company v. Alcorn & Fisher, 45 Miss. 145 (1871); Penrice v. Wallis, 37 Miss. 172 (1859). In Griffith, Mississippi Chancery Practice 457 (2d ed. 1950), the rule is stated as follows: “And if the order of dissolution be appealed, zuith su-persedeas, this operates to keep the injunction in force, and it is not proper for the chancellor to make an order allowing the defendant in the meantime to do the thing prohibited.” In the preliminary stages of the appeal in the case of Simpson v. City of Gulfport, 239 Miss. 136, 121 So.2d 409 (1960), this Court sitting en banc considered a motion that raised the question of whether a writ of supersedeas in an appeal from a decree sustaining a demurrer to a bill of complaint and dissolving a temporary injunction kept in force the temporary injunction pending appeal. This Court held that the super-sedeas operated to keep in force the temporary injunction until disposition of the appeal. No opinion was written and the order on the motion was not reported.
We hold that the proper procedure for Masonite to follow is to apply to the chancellor for a writ of supersedeas; and the chancellor should fix the amount of the penalty of the supersedeas bond and order the writ issued. This Court or any Justice has the authority to issue the writ of su-persedeas, but not before application has been made to the chancellor. Rule 32, Rules of the Supreme Court of Mississippi. Since supersedeas is the appropriate procedure in this case, it is unnecessary to consider when and under what circumstances a litigant is entitled to injunctive relief from this Court in aid of this Court’s appellate jurisdiction.
*43 The application for injunction is dismissed without prejudice and Masonite is granted leave to apply to the chancellor for a writ of supersedeas so as to maintain in force the temporary injunction pending appeal to this Court, upon Masonite entering into a proper supersedeas bond in an amount to be fixed by the chancellor.
Bill for injunction dismissed without prejudice to Masonite to apply to the Chancellor for an appeal with supersedeas so as to maintain in force the temporary injunction involved in this case pending appeal to this Court on giving a bond as fixed by the Chancellor.
All Justices concur.