## DONNELL v. THOMPSON.

1. A general objection to the reading of a deposition, as evidence, will not authorize the raising particular objections to it, in the appellate court. The objection must be specifically raised in the primary court.

2. It is competent for one, who hands a note to another for collection, to prove his own declarations made at the time, showing his ownership of the note.

3. Possession of a note, is *prima facie* evidence of ownership, in an action of trover by him, against one who shows no title to it.

4. The collection of a note, by one not entitled to it, is evidence of a conversion, and renders a demand unnecessary.

5. A purchaser of a note, payable to C, or bearer, from one who was not the payee of the note, and had not the right to dispose of it, cannot defend against the true owner of the note, by proving he gave value for it.

6. Where the rejection of a deposition, cannot, according to the rules of law, work any injury to the party offering it, its improper rejection, will not be an error for which the judgment will be reversed.

Writ of Error to the Circuit Court of Montgomery. Before the Hon. G. D. Shortridge.

THIS was an action of trover, brought by the defendant in error, against the plaintiff, to recover damages, for the conversion of a promissory note, executed by A. Martin, to Mrs. Amanda Converse, or bearer, for $125. The declaration described the note as dated the 24th December, 1843, and due January, 1845. It does not appear that the note was indorsed by the payee. To prove property in the plaintiff, the deposition of Jesse Thompson was read, who stated that he received the note from Drury Thompson, who requested him to send it to Montgomery for collection. That the note was handed to the witness, by the plaintiff, as his own property.

The witness described the note, as dated the 26th December, 1843, and due January, 1845. The defendant moved the court to exclude this evidence, on the ground, that it was not evidence of ownership; and on the further ground, that the declarations of the plaintiff, cannot be given in evidence

in his own favor. There was also evidence, that the defendant had collected the money by suit, in the name of the payee for his use. That the money was collected since this suit was brought. There was also proof of a demand made by the attorney of the plaintiff, before this suit was brought, but the demand improperly described the note.

The defendant offered to read as evidence, the deposition of one Shaw, who stated, that he received the note from Jesse Thompson, who was his partner, with instructions to collect it, and apply it to the uses of the firm. That not being able to collect, he received further instructions from Jesse Thompson, to raise money on it, and to appropriate the money to the purposes of the firm. That he then sold said note to the defendant Donnell. To the introduction of this evidence, the plaintiff objected, because the witness was interested. This objection was sustained. The defendant then offered to show, that the witness had been released by him, before he was examined, but the release described the note as payable to Mrs. Battell. It was admitted that Mrs. Converse had once borne the name of Mrs. Battell, but had intermarried with Wm. P. Converse, and that it was a mistake in the release, in describing the note as payable to Mrs. Battell; and then offered to read the deposition, which was objected to; the objection was sustained, and the plaintiff excepted.

The plaintiff in error then requested the court to charge the jury—

1. That the note sued for, being payable to bearer, if it came fairly into the hands of the defendant, for a valuable consideration, that the plaintiff could not recover.

2. That the possession of the note payable to bearer, being *prima facie* evidence of ownership, before the plaintiff can recover, he must show that the defendant had notice of his claim, before his purchase, or fraud on the part of the defendant in obtaining it.

3. That if Shaw had the authority to collect the note, from the maker, that he necessarily had the authority to transfer it to any one for value.

4. That if the plaintiff parted with the possession of the

note, for the purpose of collecting it, it was necessary to show a demand, and that a conversion by Shaw, will not authorize a recovery without a demand of the note from the defendant.

5. That under the evidence, the plaintiff could not recover.

All of which requests were refused, and the bill of exceptions, with all the matters arising therein, is assigned for error.

WILLIAMS, for the plaintiff in error.

1. The only testimony tending to show property in the plaintiff below, is the evidence of Jesse Thompson, and the note of which he speaks is dated December 26, 1843, when the note declared on is dated December 24, 1843.

2. The note which was the cause of action, is payable to bearer, and not being indorsed by the payee, is under our statute, *prima facie*, the property of the payee ; and to rebut this presumption, positive proof on the part of the plaintiff is necessary. Clay's Dig. 326, § 76.

3. Before the plaintiff can resort to this remedy, there must have been a conversion by defendant, or a demand by plaintiff. Glaze v. McMillion, 7 Porter, 281.

4. There was not conversion by Donnell until after demand and refusal, because he obtained possession of the note innocently; even though he may have purchased it from a thief. Glaze v. McMillion, 7 Porter, 282.

5. The demand made by Rush Elmore, Esq. was equivalent to no demand at all. He demanded a note dated December 26, 1845, while the note declared on was dated December 24, 1843.

6. Shaw was a competent witness for either party, because his interest was equally balanced. He was liable to the plaintiff below for a conversion of the note, and to the defendant for fraudulent representation. 1 Greenleaf's Ev. 464, § 420.

7. If Shaw's liability preponderated in favor of Donnell, that liability was cured, by the release. 1 Greenleaf's Ev. 472, § 426.

ELMORE, contra.

1. The assignment of error differs from the exception,

which was, " that the declarations of the plaintiff cannot be given in evidence in his own favor." The not making the objection on the ground now assigned, and making it on others, was a waiver of this ground. But if not a waiver, it is covered by the case of Anderson v. Snow & Co. 9 Ala. 247.

2. The second assignment is answered by the principle, that the declarations of a party at the time of the act, or while in possession of property, and in regard to the act or title of the property, is evidence in his favor. Gary v. Terrell, 9 Ala. 202; Yarborough v. Moss, Ib. 382. But the objection was to the whole of Jesse Thompson's evidence set out in the bill of exceptions, and was not confined to the declarations of the plaintiff.

3. The third assignment of error, and those arising under the charges refused, are answered by the following propositions: 1. Two things only are necessary to be proved, to recover in trover. First: Property and right of possession in the plaintiff at the time of the conversion. Second: Conversion by the defendant. 2 Greenleaf's Ev. § 636, p. 522. 2. The naked possession of goods with claim of right, is sufficient evidence of title, against one showing no better right. 2 Greenleaf's Ev. § 637, p. 525, and note 1. 3. The general property has possession annexed to it by construction of law. 2 Greenleaf's Evidence, § 640, p. 528, and note 3. 4. A conversion is the appropriation of the thing to one's own use, &c., the illegal assumpsion of ownership, or withholding the possession from the owner, under a claim of title; and the conversion may be direct or constructive, and the proof of course must be direct or inferential. 2 Greenl. Evidence, § 642, p. 530, and notes 2 and 3; St. John v. Q'Connell, 7 Porter, 479; Glaze v. McMillion, 7 Porter, 281. 5. That the note, for the conversion of which the suit was brought, is not a mercantile *negotiable* paper in the legal sense of the term, and the charges asked were based on the idea that it was negotiable, and if of that character, had not been indorsed by the payee.

DARGAN, J.—It is contended, under the first assignment of errors, that the court erred in permitting the deposition of

Donnell v. Thompson.

Jesse Thompson to be read as evidence. First, because the deposition describes a note dated on the 26th of December, and the declaration describes the note as dated on the 24th. We will not inquire whether this variance would have been fatal, if the objection had been made in the court below. It is enough that this objection was not made to the reading of the deposition in that court.

It is the right of the party to object to depositions, but he must point out his objections, and he cannot raise other objections in this court, than those made in the court below. A different practice would often lead to delay and injustice. See 11 Ala. R. 732.

The other objection to the deposition is, that the witness speaks of declarations made by the plaintiff. The witness says, he received the note from the plaintiff, with a request to send it to Montgomery for collection, and that he received it as the property of the plaintiff. We see nothing objectionable in this; the witness states that he received the note from the plaintiff; it was certainly competent for him to state the object of his receiving it, or for what purpose it was delivered to him; and we do not see how this could be done without stating the instructions given to him, how he should dispose of the note; or the requests made of him as to its disposition by the party who handed it to him.

2. The second question we propose to examine is, whether the evidence of the possession of the plaintiff is sufficient to show such a title to the note, as will sustain this action. The note, although payable to bearer, is not negotiable by delivery merely, but by statute : in order to enable any other person than the payee of the note, to maintain an action on the note itself, he must show that it was indorsed to him by the payee. See Clay's Dig. 326. And it is contended, that as it does not appear that the note was indorsed to the plaintiff, he cannot maintain this action. A question very similar to this arose in the case of Clowes v. Harly, 19 John. Rep. 486. The plaintiff in that case brought trover for the conversion of a bond, conditioned to make titles to land. The bond had been assigned to him, but it was admitted that he could not sue the obligor of the bond in his own name, and if the suit was on the bond itself, it must have been brought

in the name of the obligee. Yet the plaintiff was permitted in this form of action, to recover the value of the bond, which was estimated by the value of the land. This authority shows, that the owner of a note, or bond, may bring trover for its conversion, although if suit had been brought on the instrument itself, it must be brought in the name of the payee, or obligee. Nor do we see any reason why the owner of a bond, or note, may not maintain trover for its conversion upon his possession, although the instrument be not payable to him. It is a mere chattel, and all that is necessary to maintain trover, is property in the plaintiff, and the right to possession. The testimony shows, that the plaintiff below was in possession of the note, using it as his own; this is *prima facie* evidence of ownership; no claim has been asserted to it by the payee, and the evidence shows that the defendant obtained possession through the act of an agent of the plaintiff, and which act he had not authority to do. This we must hold as sufficient evidence of ownership, in the absence of proof to show the contrary.

3. It was contended, that the demand, as proved, was insufficient to authorize a recovery, as the demand misdescribed the note. A demand is never necessary, but for the purpose of showing a conversion. The evidence in this case shows, that the defendant claimed the note, and has since this suit collected the same by law of the payee. This is evidence of a conversion, and renders the demand unnecessary.

4. As the note was not negotiable by delivery, the defendant cannot resist the prior right of the plaintiff, by showing he paid value for it. Before the enactment of the statute before referred to, the defendant could have insisted on his purchase of the note for value, as against the prior owner, who may have lost it, or whose possession may have been divested by some illegal act; but, by this statute, notes payable to any person, or persons, or bearer, can be negotiated by indorsement only, and cannot pass from hand to hand, so as to enable the bearer to sue in his own name. The condition of the defendant, in reference to this note, is the same as if the words *or bearer* were stricken out, or if it had been under seal, and not indorsed. Consequently he cannot pro-

tect himself against the prior right of the plaintiff, by showing merely he had paid full value for the note.

5. The last question we propose to examine is, whether there is error in rejecting the deposition of Shaw. He was rejected as being interested, but it is very clear that his interest was balanced ; for if the plaintiff recovers of Donnell, the witness is responsible to him, and if the plaintiff fails he is responsible to him. But the defendant in error insists, that although the deposition of the witness was rejected, on the ground of interest, yet this is not such an error as will authorize a reversal of the judgment, because, admitting the truth of every fact stated by the witness, it is not inconsistent with the plaintiff's right of recovery, and that on a demurrer to the evidence, as well that introduced by the plaintiff, as the deposition of Shaw, the plaintiff would be entitled to recover. We have given this question some consideration, and we conclude, that the plaintiff would have been entitled to recover, had the deposition been permitted to be read, and full credit given to it. This proof is not inconsistent, with the title of the plaintiff as shown, and there is no legal conflict between the testimony of Jesse Thompson, and the deposition of Shaw that was rejected. The nearest approach to a conflict is in this, Jesse Thompson swears he received the note from the plaintiff, and sent it to Shaw for collection. Shaw's deposition shows, that he received the note from the witness, with instructions to collect it, and apply the proceeds to the purposes of the firm of Shaw & Thompson, which was composed of the two individuals offered as witnesses. But it does not appear, that the witness had any authority to give this latter instruction, and the authority cannot be inferred from the declaration itself. The declarations of an agent cannot bind the principal, unless made by his authority, expressed or implied. See 1 Greenl. Ev. § 114; 10 Vesey, 123.

The testimony of Thompson shows he had no authority to give the instruction to collect the money, and apply it to the use of the firm.

We cannot see that any other result, according to law,

could take place, if the depositions of Shaw & Thompson were both submitted to the jury, or if the evidence was demurred to. The consequence is, the rejection of the deposition of Shaw, could not, according to the rules of law, work any injury to the plaintiff in error, and the judgment is therefore affirmed.