## OVERSTREET *vs.* NUNN'S EXECUTORS.

[TROVER FOR CONVERSION OF PROMISSORY NOTE.]

1. *When action lies.*—When a note is endorsed and transferred as collateral security, a subsequent payment of the original debt by the transferror operates as a re-transfer to him of the endorsed note; and if the creditor, or his personal representative, refuses to deliver the note on demand, trover lies against him for the conversion. ·

APPEAL from the Circuit Court of Antauga.

Tried before the Hon. PORTER KING.

THIS action was brought by James Overstreet, against L. B. Parker and M. C. Nunn, who were the executors of William Nunn, deceased, to recover damages for the conversion of a promissory note for $1300, executed by one E. G. Wagner, dated the 25th November, 1857, and payable to the plaintiff, or bearer, on the 1st February, 1859; and was commenced on the 23d April, 1859. The defendants pleaded not guilty, "with leave to give any special matter in evidence." On the trial, as the bill of exceptions shows, after the plaintiff had read in evidence the note on Wagner, which was the foundation of the action, "he further proved, that he was the absolute owner of said note at the time of its execution; that said note was founded on valuable consideration, was justly due according to its terms when executed, and was of the full value of the amount due on its face, with interest thereon; that on the 1st March, 1858, after the execution of said note, he borrowed $1200 from said William Nunn, for which he executed to said Nunn his promissory note for $1350, due the 1st March next after date, together with a mortgage on three slaves, and also endorsed and delivered to him the said note on Wagner, as an additional and collateral security for the payment of said borrowed money, and for no other purpose." The

42

endorsement on said note-was in these words : "I endorse the within note, for value received, until paid, this 28th March, 1858;" which was signed by the plaintiff. "The plaintiff also introduced proof, by the declarations of said William Nunn, tending to show that said note on Wagner was to be returned to plaintiff, when he should pay said Nunn the money so borrowed from him, and for which said note was deposited as collateral security as aforesaid. The defendants objected to the introduction of any evidence, as to the terms on which Wagner's said note was transferred to said Nunn, other than those stated and set forth in the said written endorsement on said note; but the court decided to allow all of said evidence to be introduced, and to charge the jury as to the legal effect of the same."

The plaintiff further proved, that said Nunn died on the 16th July, 1858; that the defendants soon afterwards qualified as his executors, and, as such executors, received the possession of said note on Wagner; that on the 11th February, 1859, they collected from Wagner one thousand dollars on said note; that the balance was still due and unpaid; that on the 28th February, 1859, he paid said executors his note to Nunn for borrowed money, and took up and canceled said note and the mortgage given to secure it; that he afterwards demanded of the defendants said note on Wagner, and that they refused to deliver it to him. "This being all the evidence, the court charged the jury, that the plaintiff was not entitled to recover at law, and that they must find for the defendants; to which charge the plaintiff excepted, and was thereby compelled to take a nonsuit."

The charge of the court, and "the matters arising on the bill of exceptions," are now assigned as error.

WATTS, JUDGE & JACKSON, for appellant.

WM. L. YANCEY, with W. H. NORTHINGTON, contra.

R. W. WALKER, J.—In considering the propriety of the general charge which the court gave the jury, we place out of view, without inquiring into its admissibility,

the evidence of the declarations of Nunn, to the effect that the note sued for was to be returned to the plaintiff, on his repayment of the money borrowed from Nunn. We do this, because, in our opinion, the result is the same, whether that evidence be regarded or not.

It was undoubtedly competent to prove the consideration upon which the endorsement was made. Indeed, no objection was made to the evidence that the note was endorsed and delivered to Nunn as collateral security for the plaintiff's note to him. Nor can it be doubted that, as between the original parties to the endorsement and their legal representatives, the payment by the plaintiff of his note to Nunn operated, *propria vigore*, a retransfer to the plaintiff of the entire beneficial interest in, and of the right to the possession of the note on Wagner.—Appleton v. Donaldson, 3 Barr, 381, 388; Ins. Co. v. Smith, 11 Penn. 120, 127.

It is true that, as the law stood before the Code, a suit against the maker of the note, for the recovery of the money due on it, would have to be brought in the name of the endorsee. But this does not prove that the property in the note itself, or the right to the possession of it, would belong to the endorsee. The Code provides, that actions upon contracts for the payment of money must be in the name of the party really interested. Until this change in the law, the property in a note, and the right to possession of it, might belong to one person, although a suit upon the note, against the maker, would have to be brought in the name of another. Thus, if the payee of a note should, for a valuable consideration, transfer it by delivery to another person, and should afterwards obtain possession of it by finding, or otherwise; it cannot be doubted, that both the property and the right of possession would be in the transferree; and if the payee should refuse to deliver it on demand, he would be liable in trover at the suit of the transferree.

The proof showed, that the plaintiff demanded the note of the defendant before the suit was brought, and that the latter refused to deliver it. We think that, on the facts, trover can be maintained.—See Donnell v. Thompson,

13 Ala. 444; Clowes v. Hardy, 12 Johns. 486; Lowre-more v. Berry, 19 Ala. 130.

Judgment reversed, and cause remanded.