# Miller *v.* Clay, Adm'r.

## *Trespass for taking Tools.*

1. *" Transaction with or statement by"* decedent; *what not, within meaning of* 2704, *Revised Code, as amended.*—The plaintiff in a suit against an administrator for his intestate's trespass in taking plaintiff's tools, having testified to their loss, may testify that he afterwards found them in a shop belonging to intestate, during the latter's life; such testimony does not relate to any "statement by or transaction with" defendant's intestate, within the meaning of ¿ 2704, Revised Code, as amended by act of 1874–5.

2. *Trespass for taking goods; what charge not improper on trial of.*—In trespass for taking plaintiff's goods, where there is no proof showing the defendant is not a mere wrong-doer, a charge that the defendant is liable, "if the jury believe from the evidence that the property sued for was taken from the plaintiff's possession by the defendant, or under his instructions, though he may not have been present," is not erroneous, as omitting consideration of plaintiff's right of property; possession, in the absence of countervailing evidence, being proof of ownership, the presumption being that the title is with the possession.

APPEAL from Circuit Court of Dallas.

Tried before Hon. GEORGE H. CRAIG.

The appellee, Miller, brought trespass against Burns, for taking a set of blacksmith tools; and the latter having died pending the suit, it was revived against Clay, as his administrator.

Miller testified that he owned a set of tools, which he left in his own blacksmith-shop, and went to another State ; that on his return, he found his shop had been broken into and the tools taken out, and he afterwards found his tools in a

[Miller v. Clay, Adm'r.]

blacksmith-shop belonging to Burns. Burns' administrator objected to this last statement, on the ground that the plaintiff was not a competent witness to testify to that fact, in a suit against Burns' administrator, and moved to exclude it from the jury; but the court overruled the motion, and allowed the evidence to remain before the jury, and defendant excepted.

When Miller left the State, he put his blacksmith-shop and the tools therein in charge of one Cullom, his father-in-law, with the agreement that Cullom was to have the shop, when he paid for it; but Cullom never paid for the shop, and never bought the tools. There was testimony tending to show that Cullom sold Burns a half-interest in the tools, and promised to mark them with chalk, so Burns could get his share of them; and that Burns also had a blacksmith-shop in the same town, which he rented to two negro blacksmiths, who carried on the business on their own account. A brother of the intestate testified that on one occasion, during Miller's absence, one of these negroes came to witness and asked about the tools, and witness directed him to go to the shop and take them, and he did so, "unfastening the staple by which the shop door was closed." This witness testified that intestate was absent at the time, and did not know what directions witness gave, but he also testified that "he could not say of his own knowledge that intestate had no part in removing the tools." There was testimony that after the removal of the tools and Miller's finding them in Burns' shop, the former complained to Burns about it, and threatened to prosecute the negroes for taking the tools, and Burns told him not to do so, but "to sue him, as he was responsible."

The foregoing, including evidence of the number and value of the tools, was substantially all the evidence in the case.

The court charged the jury, at the request of the plaintiff, if they "believed from the evidence that the property sued for in this action was taken from Miller's possession by the defendant, J. M Burns, or under his orders or instructions, though he may not have been present, then the defendant is liable in the action."

The defendant excepted to the giving of the charge, and now assigns it, and the refusal to exclude the testimony as to finding the tools in Burns' shop, as error.

WM. M. BROOKS, for appellant.—The charge given ignored the question of ownership of the property. It made Burns

liable, although he might have removed his own property. The testimony of Miller that he found the tools in Burns' possession, was not admissible. Its admission was against the policy of the statute.

———— ————, *contra.*

STONE, J.—The testimony which the plaintiff, Miller, was allowed to give on the trial below, did not relate to any " transaction with, or statement by " Burns, defendant's intestate.   Hence, it did not fall within the exception to section 2704, Revised Code; amended, Acts 1874–5, p. 252.   The Circuit Court did not err in admitting it.

The Revised Code, page 677, furnishes a form of complaint for " trespass in taking goods" which is brief and simple.   It contains the averment that the chattel or chattels sued for are " the property of the plaintiff."   One of the necessary elements of a right of recovery for taking goods, is that the plaintiff shall have a general or special property in them.   Possession of personal property, however, in the absence of countervailing proof, is evidence of ownership; and under such circumstances, the law presumes the title is with the possession.—*Donnell v. Thompson,* 13 Ala. 440; *Governor v. Campbell,* 17 Ala. 566; *Finch v. Alston,* 2 Stew. & Por. 83.   Possession, or immediate right to the possession of a chattel, will support such action against one who takes or injures such property tortiously.—*Hare v. Fuller,* 7 Ala. 717; *Davis v. Young,* 20 Ala. 151.

The charge in the present case was: " If the jury believe from the evidence that the property sued for in this action was taken from Miller's possession by the defendant, James M. Burns, or under his order or instructions, though he may not have been present, then the defendant is liable in this action."   It will be seen that in this charge one of the facts necessary to be found by the jury was, that the property should have been taken from *Miller's possession.*   It could not be taken from his possession, unless it was first in his possession; and if in his possession, then it was *prima facie* his property.   Such *prima facie* right is good against a wrong-doer; and as the record does not show that Burns had any right or claim to the property sued for, the charge was correct, and full enough.   If the proof had tended to show any right in Burns, the charge would have been too restricted in its *area.*

There is no error in the record, and the judgment of the Circuit Court is affirmed.