# Meyer v. Hearst.

## Trover.

1. *Judgment rendered and execution issued after defendant's death; validity of.*—A judgment rendered against a party after his death is a nullity; and an execution issued on a valid judgment, after the defendant's death, is void, unless the judgment supporting it has been revived, or it is issued in order to continue a lien already acquired by previous execution.

2. *Sale under void process also void.*—A sale of property under void process is also void, and confers no title on the purchaser.

3. *Execution of process regular on its face, though void in fact; § 3041 of Code construed.*—The statute providing that a sheriff or other ministerial officer is justified in the execution of process regular on its face, whatever may be the defect in the proceeding on which it was issued (Code, 1876, § 3041), is intended only for the protection of the officer executing the process, and can not impart validity to a levy and sale made by him under the process; nor can the protection of the statute be extended to third parties who procured the issue and execution of the process.

4. *Trover; when possession will support.*—When personal property, in the possession of the widow, is levied on and sold under an execution issued on a void judgment against her deceased husband, she may maintain trover on her possession, unaided by title, for a conversion of the property.

5. *When testimony not hearsay.*—When an exchange of personal property is made by an agent for his principal, the report of the transaction by the agent to the principal for ratification is part of the *res gestæ*, in a suit involving the title to the property received by the agent in the exchange.

[Meyer v. Hearst.]

APPEAL from Dallas Circuit Court.

Tried before Hon. JOHN MOORE.

This was an action of trover, brought by Rebecca Hearst against Marcus Meyer, W. J. Rountree and others, to recover damages for the alleged conversion of certain seed-cotton, cattle, a mule and other personal property; and was commenced on 5th July, 1883. The defendants' pleas are not disclosed by the record. There was a judgment in the court below in favor of the plaintiff.

The plaintiff was examined as a witness in her own behalf, and she testified, *inter alia*, that in 1866 she, by her own labor, earned about $18.00, with which she purchased a cow, and that of this cow all the cattle mentioned in the complaint were the increase or off-spring; that, in 1868, she earned $60, by cooking for a named party, which she received as her own property, with the knowledge and consent of her husband; that with this money she purchased a mule, which was exchanged for a horse, and, a few years after this, the horse was exchanged by her for the mule mentioned in the complaint; that her husband never claimed any of said property, but it was all the time managed and controlled by her as her own property; that she lived with her husband from 1865 until May, 1882, when he died; and that the cotton sued for was made by her labor, and that of her infant son and of her said husband, prior to his death, and of hands whom she hired, on lands rented by her, and with supplies furnished by her. On cross-examination said witness testified that she was not present when the mule which she had purchased was exchanged for the horse, and that she "only knew of it from what others had told her;" but that the exchange was made "by her permission, and with her consent." The defendants thereupon moved the court to exclude from the jury the testimony of the witness as to the exchange of the mule for the horse, on the ground that it was hearsay. The court overruled the motion, and the defendants excepted. The other facts disclosed by the evidence are sufficiently stated in the opinion. The bill of exceptions purports to set out all the evidence introduced on the trial.

The defendants asked the court in writing to charge the jury, that if they believed the evidence, they must find for the defandants as to the cotton mentioned in the complaint. This charge the court refused, and the defendants excepted.

The rulings above noted are the only errors here assigned.

WHITE & WHITE, for appellants.

JNO. C. REID, *contra*.

[Meyer v. Hearst.]

SOMERVILLE, J.—The action is one of trover, brought for the conversion of a lot of seed-cotton, and some other articles of personal property, which were at the time in plaintiff's possession under a claim of ownership. The alleged act of conversion is the taking of the property by one of the defendants, who was sheriff of Dallas county, under an execution issued on a judgment rendered against one Avery Hearst, the deceased husband of the plaintiff, in favor of three of the other defendants, who were plaintiffs in the judgment.

It is made to appear by the record that the judgment in favor of Meyer Bros. against Hearst was rendered after his death, viz., on the thirtieth of June, 1882, the defendant having died in May previous of the same year. The judgment was, therefore, *void*, under the principle settled by the decisions of this court, that a judgment rendered against a dead man is a mere nullity.—*Hood v. Branch Bank*, 9 Ala. 335; *Powell v. Washington*, 15 Ala. 803. See, also, Freeman on Judg. § 153, and cases cited in *note* 1. So, independently of this fact, the principle is settled that an execution which issues, even on a valid judgment, after the defendant's death, is void, unless there be a revival of the judgment, or such execution is issued in order to continue a lien already acquired by a previous execution.—*Collier v. Windham*, 27 Ala. 291; Code, 1876, §§ 2633, 3213.

When the execution is void, because issued against a deceased defendant, it necessarily follows, as often expressly decided, that a sale of property made under such process is void, and confers no title on the purchaser.—*Beach v. Dennis*, 47 Ala. 262; *Whitlock v. Whitlock*, 25 Ala. 543; Freeman's Void Jud. Sales, § 2.

The case then presented is that of a levy by the sheriff, at the instance and procurement of the other defendants, of an execution issued against a defendant after his death, on a judgment rendered also after his death. The process under which the sheriff acted was unquestionably void, and the general rule would be, that "all acts performed under it, and all claims flowing out of it, are void."—Freeman on Judg. § 117.

There is a statute, however, in this State, declaratory, it seems, only of the common law, which authorizes a sheriff or other ministerial officer to justify under process regular on its face. Section 3041 of the Code provides as follows: "Whenever it appears that the process is regular on its face and is issued by the competent authority, a sheriff or other ministerial officer is justified in the execution of the same, whatever may be the defect in the proceedings on which it was issued." Code, 1876, § 3041. The question is as to how far this sale would afford protection, if any, to the co-defendants of the

sheriff, who pointed out the property levied on, and expressly authorized its seizure. The execution itself is not set out in the record, but we may assume that it was regular on its face in view of the reasonable presumption, that the officer who issued it did his duty by issuing the process in regular form. We can entertain no doubt of the proposition that this statute, like the similar rule of the common law, was intended only for the protection of the officer, and can not be construed to impart legal validity to his act of seizure and sale. If otherwise, there would be no difference between seizures under void and valid process. It is said in Crocker on Sheriffs: "The rule that an officer is justified by his process, not void upon its face, is one of protection only. And if it is in fact void, he can not build up a title under it which will enable him to maintain an action against third persons."—Crock. on Sher. § 286. In *Morrison v. Wright*, 7 Port. 67, while the general principle was stated to be, that a sheriff was bound to execute all process directed to him by a competent tribunal, and regular on its face, and could therefore justify under it, it was held to afford no protection to a third person who might participate in a wrongful levy made under illegal process, the law holding him to act at his own peril. As is said by Cowen J., in *Earl v. Camp*, 16 Wend. 562, 566, " the rule is one of protection merely, and beyond that not meant to confer any right. The armor which it furnishes is strictly defensive. It is personal to the officer himself; and can not be used to confer any right upon the wrongdoers under color of whose void proceedings he is called upon to act." See, also, Freeman on Ex. § 100 ; *Dunlap v. Hunting*, 2 Denio, 643 ; *Horton v. Hendershot*, 1 Hill (N. Y.), 118.

Under this view it is plain that, while the defendant Rountree could personally justify making a levy under the void process which went into his hands against the deceased husband, provided the property sued for was his, and not the plaintiff's, it afforded no protection to the other defendants.

It may be that the cotton might have been liable for the debt of the husband, upon the theory urged by appellant's counsel, that it was but the earnings or proceeds of the joint labor of the wife and her minor child, coupled with that of the husband prior to his death; but it could be subjected only under a valid execution or other process, not under a void one. The plaintiff was in possession of the cotton, and her possession, without regard to any question of ownership or title, was sufficient to maintain the action of trover against mere trespassers; for possession of personalty is sufficient evidence of ownership, in an action of trover, against mere trespassers who claim no title to it.—*Donnell v. Thompson*, 13 Ala. 440; *Williams v. Crum*,

[Gardner & Gates v. Moore.]

27 Ala. 468. "A mere wrongdoer," says Mr. Greenleaf, "is not permitted to question the title of a person in the actual possession and custody of the goods, whose possession he has wrongfully invaded. The naked possession of goods, with claim of right, is sufficient evidence of title against one who shows no better right."—2 Greenl. Ev. (14th Ed.) § 637 ; *Huddleston v. Huey*, 73 Ala. 215 ; *Patterson v. Kicker*, 72 Ala. 406.

The charge requested by the defendants was properly refused, if for no other reason, on the ground that it claimed the same degree of protection for all the other defendants as for the defendant Rountree, in the act of seizing the cotton under void process.

We are of opinion that the evidence admitted as to the alleged exchange of the mule for the horse, as testified to by the plaintiff, was free from objection. The fact of such exchange was proved, by a witness who was present, to have been made by an agent of the plaintiff, she herself not being present. This exchange she intended to ratify by receiving the property. It was perfectly competent for her to say that she was informed by others of the fact of the exchange, because such information was necessary in order to enable her to act intelligibly. The report of such a transaction by an agent to a principal is a part of the *res gestæ*, and admissible clearly upon this ground. It is not strictly hearsay evidence, within the proper meaning of that term as used in the books, and objection was interposed to its admission on no other ground.

The judgment is affirmed.