## Adamson *et al. v.* Noble.

*Action to recover Damages for Breach of Sheriff's Bond.*

1. *Action for breach of sheriff's bond; admissibility in evidence of execution.*—In an action to recover damages for the breach of a sheriff's bond, by reason of the alleged wrongful tak-

ing of the plaintiff's property, where the defendant by special plea sets up that the property taken by the defendant was regularly levied upon under an execution issued upon a judgment rendered against the plaintiff's husband, and that the property so taken belonged to her husband, and upon this plea issue was joined, the writ of execution which was levied upon said property and under which it was seized is admissible in evidence.

APPEAL from the Circuit Court of Marshall. Tried before the Hon. A. H. ALSTON.

This suit was brought by the appellee, Sarah E. Noble, against G. Z. Adamson, the sheriff of Marshall county and the sureties on his official bond, to recover damages for the alleged breach of said bond by the defendant Adamson, in wrongfully taking and carrying away under color of his office, from the plaintiff, the property of the plaintiff.

The defendants pleaded the general issue and among others, the following special plea which was numbered 4: " Comes the defendants and for answer to the complaint they say, that the property sued for was seized by the sheriff under and by virtue of an execution issued in favor of A. G. Henry v. Thomas Y. Noble, issued on July 18th, 1901, and out of the circuit court of Marshall county for one hundred, two and 42-100 dollars besides $14.40 cost of suit; that defendant Adamson was indemnified by Sam Henry to make said levy; that on the 12th day of August, 1901, the said Sam Henry did purchase from one Thomas M. Barclift a mortgage on the mare sued for executed by said Thomas Y. Noble to said Barclift on the 7th day of December, 1900, for the purpose of securing a horse from said Barclift; that plaintiff knew of her husband's intention to give said mortgage and authorized him to do so; that Barclift did not know that said mare belonged to plaintiff, and these facts defendants plead to the further prosecution of this suit, and they further aver that at the time of the issuance of said execution and of said levy the said Sam Henry was the owner of said judgment against Thomas Y. Noble."

A demurrer was interposed to the 4th plea, which was overruled. Thereupon the trial was had upon issue joined upon all the pleas interposed by the defendants.

On the trial of the case the testimony for the plaintiff tended to show that the horse which was levied upon by the defendant was the plaintiff's horse; that the execution under which the levy was made was issued upon a judgment which was recovered against the plaintiff's husband. There was evidence introduced for the defendants tending to show that the horse which was levied upon was the property of the plaintiff's husband who was the defendant in the judgment upon which the execution was issued.

The defendants offered to introduce in evidence the execution which was levied upon the horse in question, together with the return on said execution. The plaintiff objected to the introduction in evidence of this writ of execution, upon the ground that it was void by reason of the plaintiff in said judgment having died before its issuance. The court sustained the objection, and the defendants duly excepted.

The court at the request of the plaintiff gave the general affirmative charge in her behalf. To the giving of this charge the defendants duly excepted, and also excepted to the refusal of the court to give the general charge requested by them. From a judgment in favor of the plaintiff the defendants appeal and assign as error the rulings of the court upon the evidence, in excluding the writ of execution, and upon the charges requested.

STREET & ISBELL, for appellant.—The execution proved to be in fact void, on account of the death of the sole plaintiff before its issuance. The court excluded it from the jury. In this there was manifest error. It was fair on its face and the sheriff had a right to justify under it, notwithstanding its invalidity.—Code, (1896), § 1807; *Meyer v. Hearst,* 75 Ala. 390; *Clark v. Lamb,* 76 Ala. 406.

JOHN A. LUSK, *contra.*—The execution offered by the defendants was properly excluded from evidence. An execution after the death of a sole plaintiff is void.—

*Stewart v. Nuckels,* 15 Ala. 225; *Graham v. Chandler,* 15 Ala. 345; *Smith v. Alexander,* 80 Ala. 251.

DOWDELL, J.—While an officer may justify under process regular on its face, when issued by competent authority, though in fact void for defects in the proceedings on which it issued (Code, 1896, § 1807; *Meyer v. Hearst,* 75 Ala. 390; *Clark v. Lamb,* 76 Ala. 406), still he may not claim this protection in taking the property of a third person—one who is a stranger to the proceedings, and against whom the execution of writ is not directed.

The execution, however, which was offered in evidence, was relevant under the defendants' 4th plea, upon which issue was taken by the plaintiff, and the court erred in its exclusion on plaintiff's objection. For this error the judgment must be reversed and the cause remanded.

Other assignments of error relating to the giving of the general affirmative charge for the plaintiff, and the refusal of a like charge to the defendants need not be considered, as upon another trial, under our ruling, the state of the evidence before the jury will be different from that on the former trial.

Reversed and remanded.