## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### WHITE v. BONNEY.

March 10, 1910.

Absent, Buchanan, J.

1. TROVER—*Title of Plaintiff—Choses in Action—Unendorsed Check.*
The owner of evidences of debt, such as bills, notes, checks and
the like, may maintain trover in his own name for their conver-
sion, though he could not have maintained in his name an action
on the instrument itself. Thus the owner of an unendorsed
certified check, who is not the payee thereof, may maintain trover
for its conversion, although he could not maintain an action on
the check in his own name to recover its proceeds. Property in
the plaintiff and the right to possession is all that is necessary
to maintain trover.

Error to a judgment of the Court of Law and Chancery of the
city of Norfolk in an action of trover. Judgment for the defend-
ant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*J. Edward Cole,* for the plaintiff in error.

*John G. Tilton* and *R. W. Tomlin,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This was an action of trover, brought by the plaintiff in error,
F. E. White, against the defendant in error, H. G. Bonney, to
recover damages for the alleged wrongful conversion of two
checks. One of these checks was drawn by Huff, Andrews &
Thomas Company upon the Flat Top National Bank of Blue-
field, W. Va., for $150; the other was the check of the Flat Top

Grocery Company on the same bank for $175, and both were payable to the order of the plaintiff, White. These checks were endorsed by W. F. Richardson as follows: "F. E. White, by F. E. Richardson, for the White Horse Medicine Company," and were delivered by Richardson to Bonney with the request that he would collect them through one of the Norfolk city banks, and pay over the proceeds to him, which arrangement was carried out by Bonney without compensation or profit.

The evidence was to the last degree conflicting, but regarding the case, as we must regard it, as upon a demurrer to the evidence by the plaintiff, it appears that the money represented by the two checks was not due to White, but belonged to the White Horse Medicine Company, being the purchase price of goods sold by Richardson, its vice-president and general manager. The theory of the plaintiff—which he sought to maintain by objection to the introduction of evidence tending to show ownership of the money represented by the checks in the White Horse Medicine Company, by instructions, and by motion for judgment *non obstante veredicto*—proceeds upon the assumption that the checks, having been certified by the Flat Top National Bank, constituted a legal assignment to him of the funds upon which they were drawn, by virtue of the "Negotiable Instruments Law" (Va. Code, 1904, sec. 2841-a, subsections 187, 189).

The defendant concedes that an action on the checks would have to be brought in the name of the payee, but insists that an action of trover for their wrongful conversion should be brought in the name of the real owner of the instruments. Such was the opinion of the learned judge of the Court of Law and Chancery of the city of Norfolk, and the case was tried upon that theory.

In 28 Am. & Eng. Enc. L. 656, the general principle is stated as follows: "The owner of evidences of indebtedness, such as bills, notes, bonds, etc., may maintain trover in his own name for their conversion, though he could not have maintained in his name an action on the instrument itself. Thus, the owner of a note may maintain trover therefor, though there has been no endorsement of the note to him."

This general statement of the rule is well sustained by authority.

In *Donnell* v. *Thompson,* 13 Ala. 440, the court said: "It is contended, that as it does not appear that the note was indorsed to the plaintiff, he cannot maintain this action. A question very similar to this arose in the case of *Clowes* v. *Howley,* 12 Johns. R. 484. The plaintiff in that case brought trover for the conversion of a bond, conditioned to make title to land. The bond had been assigned to him, but it was admitted that he could not sue the obligor of the bond in his own name, and if the suit was on the bond itself, it must have been brought in the name of the obligee. Yet the plaintiff was permitted in this form of action to recover the value of the bond, which was estimated by the value of the land. This authority shows that the owner of a note or bond may bring trover for its conversion, although if suit had been brought on the instrument itself it must have been brought in the name of the payee or obligee. Nor do we see any reason why the owner of a bond, or note, may not maintain trover for its conversion upon his possession, although the instrument be not payable to him. It is a mere chattel, and all that is necessary to maintain trover is property in the plaintiff, and the right to possession."

So, in *Tilden* v. *Brown,* 14 Vt. 16, 167, the court says: "It is not the person who last had manual custody of the paper, or he to whom the check or note is made payable, who is to maintain an action for its conversion, but he who was the legal owner or beneficially interested in the check or the money secured by it."

It follows, therefore, from these authorities, that in trover for the conversion of these checks the right of action is in the real beneficial owner, the White Horse Medicine Company and not in the plaintiff in error, White.

For these reasons we think the judgment of the lower court is right and should be affirmed.

*Affirmed.*