260 So.2d 218 (1972)
HARMONY HOMES, INC., Appellant,
v.
Harry ZEIT and Phyllis Zeit, Appellees.
No. P-426.
District Court of Appeal of Florida, First District.
April 6, 1972.
*219 Harvey R. Klein, Miami, for appellant.
Wallace Dunn, Ocala, for appellees.
JOHNSON, Judge.
This is an appeal from a final summary judgment in favor of appellees in a replevin action brought by appellant.
Plaintiff-appellant was the manufacturer of the new mobile home which is the subject of the instant suit. In December of 1969, appellant delivered said mobile home to Connolly Mobile Home Sales, Inc., a licensed retail mobile home dealer. No documents indicating a transfer of title were delivered to Connolly by appellant and appellant never received payment for the mobile home.
In January of 1970, defendants-appellees purchased the home from Connolly for $4,195.00 in cash. Appellees were assured by Connolly's salesmen that clear title would be delivered to them in approximately six weeks. Connolly gave appellees an invoice and bill of sale at the time of purchase, and appellees had no knowledge of any title defect nor of any dealings between appellant and Connolly. Appellees received possession of the mobile home from Connolly, but no documents of title were ever given to appellees by Connolly.
On August 21, 1970, the present suit in replevin was brought against appellees by appellant. On October 5, 1970, appellees obtained from the Florida Motor Vehicle Commissioner a certificate of title based upon the invoice given to appellees by Connolly. Appellees filed a third party complaint against Connolly and Connolly's bonding company.
Based upon the above uncontroverted facts, the lower court concluded in its final summary judgment that appellees were bona fide purchasers for value and were entitled to rely upon the representations and apparent authority to sell the mobile home by Connolly. Appellant's complaint was dismissed and, in view of such ruling, no determination was made of appellees' claim against the bonding company or Connolly Mobile Home Sales, Inc., which is no longer in business. This appeal by the appellant-manufacturer results.
Appellant contends in this appeal that a purchaser of a mobile home must obtain a certificate of title or a manufacturer's statement of origin at the time of purchase in order to become a bona fide purchaser as against a manufacturer who claims title and possession. For this proposition, appellant relies upon Florida Statutes, § 319.21, F.S.A., and the decision rendered by this Court in Trumbell Chevrolet Sales Co. v. Seawright, 134 So.2d 829 (Fla.App. 1st, 1961).
*220 We think this issue can be disposed of against appellant by referring to the cases of Correria v. Orlando Bank & Trust Company, 235 So.2d 20 (Fla.App. 4th, 1970) and Stroman v. Orlando Bank & Trust Company, 239 So.2d 621 (Fla.App. 4th, 1970). As pointed out in those cases, it is settled law in this jurisdiction that the failure of the purchaser to obtain a certificate of title at the time of sale does not prevent the passage of title from the dealer to the buyer where the buyer has received possession for value without notice and in good faith relies on the dealer to perform his statutory duty to secure a proper title certificate in the purchaser's name.
The present case can also be determined by applying the ancient principle that where one of two persons must suffer through the act or negligence of a third person, the one who created the circumstances which made the wrongful act possible must suffer the loss. Here, the appellant is in the position of one who made possible the perpetration of the wrongful act and should rightly bear the loss. It would violate the principles of justice to inflict the appellees, who were good faith purchasers without notice of the transactions between appellant and Connolly, with such a burden.
Nor does the Trumbell case assist appellant in his contention. That case is distinguishable in that the purchaser was not an innocent purchaser for value. In the present situation before us, there can be no doubt that appellees purchased in good faith the mobile home from Connolly, a retail mobile home dealer, with nothing to put them on notice of the dealings between appellant and Connolly. Also see General Finance Corp. v. East Lake Auto Sales, Co., 190 So.2d 399 (Fla.App. 1st, 1966).
For the reasons hereinabove set forth, the summary judgment appealed herein is affirmed.
SPECTOR, C.J., and WIGGINTON, J., concur.