BARKDULL, Judge.
Sun Bank of Miami brought an action to replevy a boat which was pledged to the Bank as collateral for a loan to its titled owner, Thomas P. Murphy, Jr.
The appellants manufactured the boat and, at all times pertinent, maintained possession of it and contended that they had a possessory lien superior to the Bank’s security interest. The trial court disagreed and entered a summary judgment for the Bank. We affirm.
Frank Thomas, the sole stockholder and president of Corsa Boats, Inc. at the time of the loan transaction, testified on deposition that he executed a title registration on behalf of the corporation which indicated that the vessel was transferred to the purchaser (Murphy) free and clear of any and all liens. By this action, he placed in commerce a title document or registration which permitted Murphy to borrow the funds from the Bank. In Southeast Foods, Inc. v. Penguin Frozen Foods, 203 So.2d 39 (Fla. 3d DCA 1967), the following is found:
“. .. Where one of two innocent parties must suffer through the act or negligence of a third person, the loss should fall upon the one who by his conduct created the circumstances which enabled the third party to perpetrate the wrong or cause the loss. American Process Co. v. Florida White Pressed Brick Co., 56 Fla. 116, 47 So. 942....”
See also: Baader v. Walker, 153 So.2d 51 (Fla. 2d DCA 1963); Harmony Homes, Inc. v. Zeit, 260 So.2d 218 (Fla. 1st DCA 1972); Exchange Bank of St. Augustine v. Florida National Bank of Jacksonville, 292 So.2d 361 (Fla.1974).
In view of the foregoing, the appellants are estopped from claiming a right superior to the appellee. Therefore, the judgment here under review is hereby affirmed.
Affirmed.