[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 350 
This is a conversion case
Grassland Sod Company, Inc., sued Kemp's Wrecker Service, claiming damages for conversion of a mobile home. Kemp counterclaimed to recover towing and storage fees
The trial court entered a directed verdict against Kemp on its counterclaim and Grassland's conversion claim was submitted to the jury. The jury awarded $9,944 as damages. Kemp moved for a new trial. This motion was denied. Kemp also filed a rule 60 (b), A.R.C.P., motion to set aside the judgment. This motion was denied
Kemp appeals from the denial of its motion for new trial and from the denial of its rule 60 (b) motion to set aside the judgment
We find no error and affirm
Kemp raises numerous issues on appeal. These issues will be presented and discussed below
Viewing the record with the attendant presumption accorded the trial court reveals the following:
Grassland Sod Company was a Florida corporation. The corporation was dissolved by operation of Florida law on September 3, 1976. The instant case was commenced on January 5, 1977
Doyle Watkins was a part owner, director and employee of Grassland. Charles Williams was employed by Grassland as an assistant manager
Some time in 1975 Williams purchased a mobile home. In late 1975 he had this mobile home removed from Florida to Winston County, Alabama. A short time thereafter Watkins, without the knowledge or consent of Williams, had the mobile home moved to Jefferson County, Alabama
Williams, claiming ownership of the mobile home, initiated criminal proceedings against Watkins. Pursuant to these proceedings, a search warrant was duly issued and the Sheriff's Department of Jefferson County acting under that warrant seized the mobile home
At the request of the sheriff's department Kemp's Wrecker Service transported the mobile home to its storage lot. There was evidence that Kemp was under an ongoing contract with the sheriff's department to provide towing and storage services
Grassland was not a party to this criminal proceeding and the charges against Watkins were eventually dismissed *Page 351 
Kemp retained possession of the mobile home and was in possession of it in 1980, the time of trial. There was evidence that Kemp used the mobile home to store auto parts and that Kemp allowed another business to use the mobile home as its office for a short period of time. There was also evidence that the mobile home was damaged and allowed to deteriorate while in Kemp's possession
At trial, Watkins and other witnesses testified to the effect that Williams, while assistant manager of Grassland, purchased the mobile home using corporate assets and that this purchase was made without the knowledge or consent of the corporation and its officers. The witnesses also testified that a contract showing that Grassland's assets were used to purchase the mobile home and a certificate of title showing a transfer of title from the mobile home's previous owner were found in Grassland's files. The certificate of title was admitted into evidence
Watkins testified that the discovery of Grassland's ownership prompted him to have the mobile home moved from Winston County to Jefferson County
Kemp, through able counsel, first contends that Grassland failed to establish that it was the owner of the mobile home
To recover for conversion, the plaintiff must have either a general or special title to the property in question and possession or an immediate right of possession. Whitman vMashburn, 286 Ala. 209, 238 So.2d 709 (1970); Jones vAmericar, Inc., 283 Ala. 638, 219 So.2d 893 (1969)
Specifically, Kemp contends that Grassland did not prove its title to the mobile home because it failed to produce a valid Florida certificate of title. In short, Kemp, through able and distinguished counsel, argues that valid title can only be acquired by obtaining a Florida certificate of title and that Grassland failed to show that it had done so
However, under Florida law, the purchaser of a mobile home is not required to rely solely on his possession of a certificate of title to establish his ownership of the mobile home. HarmonyHomes, Inc. v. Zeit, 260 So.2d 218 (Fla.App. 1972); Platt vDreska, 79 So.2d 670 (Fla. 1955)
As indicated above, there was evidence from which the jury could reasonably conclude that Grassland, for conversion purposes, was the owner of the mobile home. Specifically, Watkins and other witnesses testified that Williams used corporate assets to purchase the mobile home and the certificate of title admitted into evidence showed a transfer of title from the mobile home's previous owner and a notarized application for a certificate of title executed by Grassland
Kemp next contends that since the sheriff's department seized the mobile home under a duly issued search warrant, it is immune from civil liability under § 36-22-7, Code of Ala. 1975, and that since Kemp acted under the direction of the sheriff's department, it is likewise immune
While § 36-22-7 does grant immunity to the sheriff in some instances, it does not do so when the property seized belongs to a person who is not a party to the proceedings which gave rise to the order of seizure. Adamson v. Noble, 137 Ala. 668,35 So. 139 (1903). See Picket v. Richardson, 223 Ala. 683,138 So. 274 (1931)
As stated above, Grassland was not a party to the criminal proceedings against Watkins. Since the property of a stranger to those proceedings was seized, § 36-22-7 does not confer immunity upon the sheriff nor upon Kemp, the sheriff's agentAdamson v. Noble, supra.
Kemp next contends that since the mobile home was seized pursuant to a duly issued search warrant, there was no wrongful taking. Kemp argues a wrongful taking is a necessary element of the tort of conversion
A conversion consists either in the appropriation of the plaintiff's property to the defendant's own use and beneficial enjoyment, or in the destruction, or in exercising dominion over it, in exclusion or defiance of the plaintiff's right, or in withholding *Page 352 
possession from the plaintiff, under a claim of title inconsistent with his own. Greer v. Carl Johnson Motor Co.,269 Ala. 617, 114 So.2d 907 (1959); 18A Ala. Digest, Trover Conversion Keys 1 and 10. In short, there need not be a wrongful taking as Kemp uses the term
In the instant case, there was evidence from which the jury could have reasonably found that Kemp appropriated the mobile home to its own use after taking. Specifically, there was evidence that Kemp treated the mobile home as its own property by using it as a storage area for auto parts. Kemp also allowed another business to use the mobile home as its office. The jury could have reasonably found conversion consisted in Kemp's act of appropriating the property to its own use after towing the mobile home to the garage. Russell-Vaughn Ford, Inc. v. Rouse,281 Ala. 567, 206 So.2d 371 (1968)
There was evidence from which the jury could have determined that Kemp's use of the property resulted in its destruction The testimony and exhibits presented by Grassland indicate the appliances, fixtures and frame were damaged, and the plumbing had been removed. The jury could have found from this evidence that Kemp destroyed the property after taking possession of the mobile home. The destruction of property by a defendant amounts to conversion. See Long-Lewis Hardware Co. v. Abston, 235 Ala. 599,180 So. 261 (1938)
In sum, there was evidence to support the jury's finding of conversion through Kemp's acts of appropriating the mobile home to its own after taking and in the destruction of the property after it was in Kemp's possession
The question of demand was not discussed by counsel in brief, but was brought to this court's attention in oral argument Through able counsel, Kemp contends there can be no conversion because Grassland never made a demand for the mobile home. We disagree. Where there has been a wrongful conversion of property, a demand for surrender of such property is irrelevant. Universal C.I.T. Credit Corp. v. Weeks, 46 Ala. App. 372, 242 So.2d 682 (1970). A demand is only necessary in those cases, unlike the instant action, where the property has come into the possession of the defendant by consent of the plaintiff, and the plaintiff relies on the wrongful detention of the property by the defendant to sustain his action. ClayCounty Abstract Co. v. McKay, 226 Ala. 394, 147 So. 407 (1933)
As noted above, there was evidence from which the jury could have concluded that Kemp converted the property to its own use after taking possession. Thus, a demand for the mobile home by Grassland was not necessary where there was a wrongful assumption of the property by Kemp. Dixie v. Harrison, 163 Ala. 304,50 So. 284 (1909). There was also evidence to support the jury's findings that Kemp converted the property by allowing it to be destroyed after it took possession of the mobile home. No demand is necessary where there has been such a destruction of the property. Cothran v. Moore, 1 Ala. 423 (1840). Therefore, the absence of demand on the part of Grassland did not preclude the jury from finding that there had been a conversion of the mobile home by Kemp after taking
Kemp next contends the trial court erred in excluding from evidence the search warrant and the affidavit for the search warrant. We find that any error in this regard would be harmless. The fact to be proven, namely the existence of the warrant, was established through the admission of other evidence. Rust Engineering Co. v. State, 286 Ala. 589,243 So.2d 695 (1971)
Kemp finally contends the trial court erred in entering a directed verdict against it on its counterclaim. In that counterclaim, Kemp sought to recover towing and storage fees
A motion for directed verdict may be granted where there is no evidence tending to support the plaintiff's case. UnitedStates Fidelity Guaranty Co. v. Jones, 356 So.2d 596 (Ala 1977) *Page 353 
In the instant case, there was no evidence showing that Grassland was liable to Kemp for the payment of the towing and storage fees. On the contrary, there was evidence that Kemp was acting pursuant to an ongoing contract with the sheriff's department when it moved and stored the mobile home
We find no error in this regard
As indicated above, Kemp also appeals from the denial of its rule 60 (b), A.R.C.P., motion to set aside the judgment
The record reveals that Kemp after filing its notice of appeal sought the permission of this court to file a rule 60 (b) motion. That permission was granted
In its motion, Kemp established that the Grassland corporation was dissolved by operation of Florida law on September 3, 1976; that Florida law allows a dissolved corporation to continue in existence for three years for the purpose of prosecuting any causes of action it may have; and that Grassland's three year period of continuation terminated on September 3, 1979
Grassland's complaint in the instant case was filed on January 5, 1977 but judgment was not entered until 1980. Kemp through counsel contends that Grassland's cause of action abated on September 3, 1979, at the termination of the three year period and that the judgment was therefore void
The trial court in denying Kemp's motion found that the issue was governed by Florida law and that under Florida law, so long as the action is commenced within the three year period following the dissolution of the corporation, the termination of the three year period has no effect on the litigation
After reviewing Florida law, specifically Florida Statutes, § 607.297 (1977) and Haitian Ventures, Inc. v. Wisniewski,376 So.2d 424 (Fla.App. 1979), we agree with the trial court and find that it did not err in denying Kemp's rule 60 (b) motion to set aside in judgment. Put another way, Grassland filed its complaint against Kemp within the three year time period allowed by Florida law and the termination of that period did not abate Grassland's cause of action
For the reasons set forth above, the case is due to be affirmed
AFFIRMED
WRIGHT, P.J., and BRADLEY, J., concur *Page 570