HOUSTON, Justice.
Plaintiff Rosie Bradley’s counts claiming conversion and trespass to fixtures were submitted to the jury. The jury returned a $25,000 general verdict for plaintiff against the defendant C & S Financial Services (“C & S”).
The trial court entered a judgment based on the jury’s verdict; it denied C & S’s motion for a judgment notwithstanding the verdict or in the alternative a new trial. C & S appeals. We affirm.
The first issue presented for review is whether the trial court erred in denying C & S’s motions for a directed verdict and J.N.O.V.
In Russellville Production Credit Ass’n v. Frost, 484 So.2d 1084, 1085 (Ala.1986), we wrote:
“A motion for J.N.O.V. requires the trial court to review its earlier ruling on a motion for directed verdict, since both motions test the sufficiency of the evidence. Wright v. Fountain, 454 So.2d 520 (Ala.1984). The sufficiency of the evidence standard applied in this state is the scintilla rule. Carnival Cruise Lines v. Snoddy, 457 So.2d 379 (Ala.1984)....”
The motion for a directed verdict did not detail with specificity the grounds upon which any particular count was not sup *1219 ported by the evidence (Russellville Production Credit Ass’n v. Frost, supra, at 1087-88); therefore, since a general verdict was returned, if there was a good count in the complaint, the judgment will be referred to the good count if there is any evidence (a scintilla of evidence) to sustain it. Aspinwall v. Gowens, 405 So.2d 134 (Ala.1981).
The question thus becomes whether there was any evidence to support every element of either the claim of conversion or the claim of trespass to fixtures. Since the jury found in favor of Ms. Bradley, we view the evidence and the inferences which may be fairly drawn therefrom, most favorably to her.
C & S obtained a judgment against Leon Williams, a coiffeur. Attempts were made to collect this judgment. A garnishment was filed against Williams’s employer, Slim’s House of Beauty (“Slim’s”) and this resulted in a judgment nisi against Slim’s, which leased a building and certain fixtures and equipment from Ms. Bradley. Execution was issued and certain of Ms. Bradley’s fixtures and equipment were seized to satisfy C & S’s judgment against Williams and Slim’s. C & S knew that some of the fixtures and equipment at Slim’s belonged to Ms. Bradley. In spite of this, an agent of C & S told the deputy sheriff to “rip the beauty shop up.” Sinks were ripped off the wall, water pipes were cut, and wallpaper was tom. The “House of Beauty” was despoiled and disarranged. Ms. Bradley arrived at the scene after some of the fixtures and equipment had been loaded by employees of C & S in a truck furnished by C & S and asked them not to this. She told the deputy sheriff who was present and the employees of C & S that some of the property that had been seized belonged to her and not to Williams or Slim’s. Even so, the remainder of the property was removed. The property seized was left in C & S’s possession by the deputy. The property remained in C & S’s possession as bailee at the time of the suit, which was two years after the seizure. Larry Rabón, chief officer of C & S, who oversaw the seizure of the property, was aware of Ms. Bradley’s protestations and could have called off the execution, but chose not to do so. There was evidence that the value of Ms. Bradley’s property which was seized was $2,205.
The sheriff and a deputy sheriff were defendants. The trial court granted their motion for a directed verdict at the conclusion of Ms. Bradley’s case. Ms. Bradley did not challenge this by post-trial motion, nor has there been a cross appeal.
“Whenever it appears that the process is regular on its face and is issued by competent authority, a sheriff or other ministerial officer is justified in the execution of the same, whatever may be the defect in the proceeding on which it was issued.”
§ 36-22-7, Code 1975. This is a codification of the common law. Meyer v. Hearst, 75 Ala. 390 (1883).
Neither the sheriff nor a deputy sheriff may claim the protection of immunity from suit given by section 36-22-7, Code 1975, or by common law, if the property seized belongs to a person who is not a party to the proceeding which gave rise to the order of seizure. Adamson v. Noble, 137 Ala. 668, 35 So. 139 (1903); Kemp’s Wrecker Service v. Grassland Sod Co., 404 So.2d 348 (Ala.Civ.App.1981).
Ms. Bradley was not a party to the proceeding which gave rise to the order of seizure.
C & S’s argument is that since the sheriff and deputy were not shielded by the common law or the codified immunity doctrine, the sheriff, the deputy, and C & S were joint tort feasors whose “performance, non-performance or negligent performance” arose out “of a duty grounded in a common cause.” C & S relies on Louisville & N.R. Co. v. Bishop, 17 Ala.App. 320, 85 So. 859 (1920), for the proposition that since the trial court granted a directed verdict for the sheriff and the deputy, the trial court committed reversible error in not granting a directed verdict for C & S. In Louisville & N.R. Co. v. Bishop, two railroad companies were sued for negligent failure to deliver the coffin contain *1220 ing the body of plaintiffs deceased child (there was confusion about the transfer from one train to another). The trial court gave the affirmative charge for one of the companies, but not for Louisville & Nashville. The Court of Appeals, after determining that it was necessary to reverse on another issue, wrote: “If the court did not err in this [granting the directed verdict for one defendant], then it did err in refusing to give the general charge as requested by the appellant.”
Whether the trial court erred in granting the directed verdict in favor of the sheriff and his deputy is not before us. Certainly, the mere fact that it granted a directed verdict for two defendants does not mean that it was reversible error for it not to grant a directed verdict as to a third defendant. We do not interpret Louisville & N.R. Co. v. Bishop, supra, as so holding. If it does, that portion of the Court of Appeals’ opinion is expressly overruled.
There is evidence of a wrongful taking and detention and of the exercise of dominion by C & S over the property in defiance of Ms. Bradley’s right of possession. Therefore, there is evidence of each element of conversion. Roebuck Auto Sales v. Wallace, 293 Ala. 231, 301 So.2d 546 (1974).
The trial court did not err in denying C & S’s motion for a directed verdict or J.N. O.V.
C & S contends that the issue of punitive damages should not have gone to the jury. C & S did not object to the trial court’s instruction regarding punitive damages. Even though C & S is precluded from raising this alleged error as a cause of reversal, Rule 51, Ala.R.Civ.P.; Richard Kelly Chevrolet Co. v. Seibold, 363 So.2d 989 (Ala.Civ.App.1978), there was sufficient evidence, even under standards of sufficiency more demanding than Alabama’s scintilla standard, for submitting the issue of punitive damages to the jury.
C & S has properly raised the issue of the excessiveness of the verdict. The jury could have found that the value of Ms. Bradley’s personal property which was converted was $2,205. Ms. Bradley presented ample evidence that she was receiving $125 per month rental from the “House of Beauty” prior to the execution and that she had received no rent from this in the two years since the execution, due to the damage to the building caused by the removal of the fixtures and the detention of the furniture and fixtures by C & S. Ms. Bradley was 70 years old and in bad health, and there was evidence that her health had been adversely affected by her unfruitful efforts to stop this conversion and trespass. Under the instructions, to which there was no objection, the jury could have awarded a substantial portion of the $25,000 as compensatory damages. Our review of the evidence in this case indicates that the jury’s verdict was not the result of bias, passion, prejudice, corruption, or other improper motive.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.